## MOBLEY *v.* THE STATE.

When a master entrusts to his servant a bill for the purpose of getting the same changed and bringing back the change to the former, and the latter fraudulently appropriates the bill to his own use and does not return either it or the change, he is guilty, not of simple larceny, but of larceny after trust.

Argued January 21,—Decided February 4, 1902.

Indictment for simple larceny. Before Judge Nottingham. City court of Macon. December 31, 1901.

*W. E. Martin Jr.* and *C. H. Hall Jr.,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.

LUMPKIN, P. J. Applying the principle announced in the headnote to the evidence in this case, the verdict of guilty therein rendered was contrary to law, and a new trial is accordingly ordered. Briefly stated, the facts are as follows: Yates entrusted to Chapman five dollars with which to buy produce, with the understanding that the latter was to thus use the money, and divide with Yates the profits realized from sales of the produce. Chapman invested the money thus received in a wagon-load of plums. A customer purchased from Chapman twenty-five cents worth of the fruit and handed him a five-dollar bill, from which he was to take out the price of the purchase and return the change. Mobley was a servant of Chapman, working for him for wages. Chapman took the bill received from the customer and handed it to Mobley with instructions to go off, get it changed, and bring back the change. Instead of so doing, Mobley fraudulently appropriated the bill to his own use and did not return at all.

Upon this state of facts, Mobley was guilty, not of simple larceny, but of larceny after a trust delegated. His conviction of the former offense can not, therefore, legally stand. The solicitor-general relied upon the decision of this court in *Finkelstein* v. *State,* 105 *Ga.* 617. It was there held: "Where a purchaser of goods

delivers to the seller a bill of money exceeding in amount the price of the goods, intends that the seller shall return the proper change, and the latter accepts the bill for this purpose, but instead of returning the correct change appropriates to his own use, fraudulently and with intent to steal the same, the bill so received, he is guilty of simple larceny." It will readily be seen that this case is entirely different from the case now in hand. There no fiduciary relation existed between the seller and the customer who gave to him the bill to be changed. The parties were dealing at arms' length. Of course, in a loose sense, the customer " trusted" that the seller would return the proper change and not fraudulently appropriate the bill to his own use; but there was no technical trust involved in the transaction and no fiduciary relation existed between the parties. The case of larceny after a trust arises when there is an agency on the part of the person entrusted with the property of another by virtue of which the person so entrusted is to do something with the property for his principal's benefit, or where there is a bailment of some description. In every case of this kind, a fiduciary relation necessarily exists. Of this character is the case before us. Mobley was the agent or servant of Chapman. He was entrusted with the bill to make a particular use of it for Chapman's benefit. Mobley violated the trust thus reposed in him and fraudulently converted the bill to his own use. This makes a clean-cut case of larceny after a trust, and the point is well made that, under the evidence, a conviction of simple larceny was contrary to law.

*Judgment reversed. All the Justices concurring.*