CUNNEGIN v. THE STATE.

CANDLER, J. 1. The legal question involved in this case is settled by the decisions of this court in *Finkelstein* v. *State*, 105 *Ga.* 617, and *Hecox* v. *State*, 105 *Ga.* 625.

2. There was, in the present case, some evidence to support a finding that the accused fraudulently induced the prosecutor to deliver to him possession of the property stolen, with intent to steal it, and that the element of trust of the character which enters into all cases of larceny after trust was absent. That theory, as well as the contention that the accused was voluntarily entrusted with the possession of the goods, was fairly submitted to the jury under appropriate instructions from the trial judge. The conviction of simple larceny was fully warranted, and this court will not reverse the judgment of the superior court overruling the certiorari.

                          *Judgment affirmed.    By five Justices·*

Argued April 28, — Decided June 1, 1903.

Indictment for simple larceny.    Before Judge Lewis.    Morgan superior court.    March 5, 1903.

According to one witness, the defendant volunteered to carry for him a jug of whisky he had bought in Atlanta for a person in Madison, and was allowed to do so.    He carried it from the store where it was bought to the train, kept it with him on the train until arrival in Morgan county, and then disposed of it.    It was not recovered.    Other testimony tended to show that he was first requested by Harris to carry the whisky.

*Williford & Middlebrooks*, for plaintiff in error.
*J. E. Pottle, solicitor-general*, and *E. W. Butler*, contra.