FITZGERALD *v.* THE STATE.

Where one person is seeking to have a dollar coin changed, and another takes it saying he will go and get it changed, and the former demands the money back and holds the person taking it, and the latter breaks away and runs, with intent to steal the same, these facts make a case of simple larceny.

Submitted October 20, — Decided October 31, 1903.

Accusation of simple larceny. Before Judge Raines. City court of Dawson. August 29, 1903.

*J. R. Irwin,* for plaintiff in error.
*M. J. Yeomans, solicitor,* contra.

TURNER, J. In the city court of Dawson, Dazzell Fitzgerald was tried on accusation charging him with simple larceny, and on the trial the prosecutrix testified, in effect, as follows: She was going around in a crowd, trying to get a silver dollar changed, and had the coin in her hand, holding it out and asking that some one would change it. The defendant came up and took it out of her hand and said that he would go and get it changed. When he said that he would go and get it changed, she caught hold of his coat and tried to take the money back from him, and called her husband. When her husband and another came up, the defendant pulled away from her and ran off through the crowd, carrying the money with him. Her husband and another man ran after the defendant, caught him in a field, and brought him back. There were other witnesses who identified the prisoner as the boy who had run away with the coin. A witness for the defendant was introduced to show that about the time this occurrence took place the defendant was elsewhere. The defendant was convicted by the jury, made a motion for a new trial, which was overruled, and then sued out a bill of exceptions to this court, in which he assigned error upon the judgment of the court refusing to grant him a new trial. The motion for a new trial was based on various grounds, among which was the contention that the testimony of the prosecutrix did not make out a case of simple larceny.

In *Finkelstein* v. *State,* 105 *Ga.* 617, this court held that "Where a purchaser of goods delivers to the seller a bill of money exceeding in amount the price of the goods, intends that the seller shall return the proper change, and the latter accepts the bill for this purpose, but, instead of returning the correct change, appropriates to his own use, fraudulently and with intent to steal the same, the bill so received, he is guilty of simple larceny." Certainly, taking all the money is as bad as taking a part. In the case of *Mobley* v. *State,* 114 *Ga.* 544, this court held: " When a master entrusts to his servant a bill for the purpose of getting the same changed and bringing back the change to the former, and the latter

fraudulently appropriates the bill to his own use and does not return either it or the change, he is guilty, not of simple larceny, but of larceny after trust." In the present case it appears that the prosecutrix was holding the money in her hand, desiring to get it changed, and that the defendant took it out of her hand and proposed to go and get it changed. When this proposition of the defendant was made, she caught hold of his coat and tried to take the money back from him, and called her husband; whereupon the defendant pulled away from her and ran off through the crowd, carrying the money with him. We do not think this was a case of a trust, but one of simple larceny. In the case of *Mobley* v. *State*, above cited, the money was committed to the servant for the purpose of getting it changed and bringing back the change. This case is obviously distinguishable from that case. Even if the consent of the prosecutrix for the defendant to take the coin could be assumed, such consent was immediately revoked when she demanded a return of the money. Certainly there was no trust here. In this connection see also *Cunnegin* v. *State*, 118 *Ga.* 125.

It is also contended that the defendant established an alibi; but the jury found against this defense, and their finding is sustained by the evidence. Complaint is also made that the court erred in refusing a request to charge. That request would seem to be predicated upon the hypothesis that the evidence showed that the money was entrusted to the defendant. As hereinbefore shown, such was not the character of the case. The third ground of the amended motion for a new trial sets forth the complaint that, during the argument, the court interrupted counsel for the defendant, directing him not to misquote the evidence; and to that ground the judge of the city court appends an explanation. This ground, however, was not argued in the brief of counsel for the plaintiff in error, and will therefore be treated as abandoned. Counsel for the prisoner, in the conclusion of his brief, contends that the trial judge " erred in his charge, as set out in the third ground of the amended motion for new trial." There is no charge set out in that ground of the amended motion; but, assuming that the accused refers to the second ground of the amended motion, in which error is alleged against the charge of the court therein set out, we do not think that any material error, under the facts of this case, was committed by the court in giving to the jury that charge.

The transaction out of which this case grew occurred prior to the act of August 6, 1903, making " the sudden snatching, taking or carrying away any money from the owner or person in possession or control thereof " robbery.

*Judgment affirmed.    All the Justices concur.*