JOHNSON, *alias* GUNTER, *v.* THE STATE.

TURNER, J. The accused was deprived of no substantial right by the refusal of the court to allow his counsel to prove by a witness whose name appeared on the indictment as prosecutor that he did not in fact sustain any such relation to the case. The trial judge did not, in exercising his privilege of himself examining witnesses introduced by the prosecution, intimate any opinion as to the weight to be given their testimony ; and the jury were fully and fairly instructed as to the burden resting on the State of showing that at the time the accused acquired possession of the horse alleged to have been stolen, he had formed a secret intent of appropriating it to his own use, and that its subsequent appropriation by him was in pursuance of such original intent. There was evidence from which the jury might well have reached the conclusion that the accused, with intent to steal the animal, went to the owner and, under the pretence of hiring the horse for a limited time, obtained possession of him with a view to driving to a distant city and there selling him ; and this being so, the court below doubtless exercised a wise discretion in declining to grant the accused a new trial.

*Judgment affirmed.　All the Justices concur, except Simmons, C. J., absent.*

Argued February 15, — Decided March 3, 1904.

Indictment for simple larceny.　Before Judge Felton.　Bibb superior court.　January 5, 1904.

*Jere Moore,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.