## MARTIN *v.* THE STATE.

If a person, fraudulently intending to get possession of the money of another and appropriate the same to his own use, by false representations induces the owner to deliver the money to him for the purpose of being applied for the owner's use or benefit, and then appropriates it in pursuance of the original intent, he is guilty of both larceny after trust delegated and simple larceny, and may be prosecuted for and convicted of either offense.

Argued May 15,—Decided June 17, 1905.

Accusation of simple larceny. Before Judge Hodges. City court of Macon. March 25, 1905.

*M. G. Bayne*, for plaintiff in error.
*William Brunson*, solicitor-general, contra.

FISH, P. J. Martin was tried, in the city court of Macon, under an accusation charging him with simple larceny, in that he wrongfully and fraudulently took and carried away twenty-five dollars in money of the lawful currency of the United States, of the personal goods of Sam Lewis, with intent to steal the same. Lewis testified, that, anticipating that a case would be made against him, in the recorder's court of the City of Macon, for striking a woman named Lethia, he called on Martin for advice, and the latter informed him that he, Martin, would see the recorder and settle the matter. A few days later Martin told Lewis he had seen the recorder, who said the case could be settled for $23. Lewis thereupon gave Martin $25 in lawful currency of the United States, telling him to settle the case and with the balance of the money procure a license for Lewis to marry Lethia. Martin was to get the papers, settling the case, and deliver them to Lewis. Some three weeks later Lewis made inquiries of Martin as to the matter, and Martin informed him that he, Martin, had paid the money to the recorder and settled the case, and, upon Lewis asking him for the papers, stated that he had not procured them. Lewis never got the money back from Martin, nor did Martin procure the marriage license for him. The State also introduced evidence to the effect that no case had been made against Lewis in the recorder's court; that neither the recorder nor any officer of the city had ever agreed to settle any case or charge against Lewis; and that Martin had never paid the recorder or any other official of the

city any money in settlement of any case or charge against Lewis. The accused introduced no evidence, but made a statement in which he said, that Lewis gave him $25 to keep for him and to pay his fine when the case should be made against him; that Lewis had never asked him for the money, and that he still had it and was keeping it to pay the fine; that he had not seen Lewis since he gave him the money, until he was arrested; and that he never had intended to use the money for his own benefit. The accused was found guilty of the offense charged. He moved for a new trial, which was refused, and he excepted.

If a person obtains possession of goods or money by trick or fraud, or under false pretense of a bailment, with intent to appropriate the thing to his own use, and the owner intends to part with the possession only, and not with the property, the possession is obtained unlawfully, and the subsequent appropriation in pursuance of the original intent is larceny. Clark's Crim. Law, 262; 1 Bish. Crim. Law, § 583; *Harris* v. *State*, 81 *Ga.* 758; *Cunnegin* v. *State*, 118 *Ga.* 125; *Johnson* v. *State*, 119 *Ga.* 563. The charge excepted to, being in accordance with this principle, · was not erroneous; and applying the charge to the evidence, the jury were fully authorized in finding the accused guilty of simple larceny. It is true that the evidence also made out a case of larceny after trust (*Walker* v. *State*, 117 *Ga.* 544); but as the accused, in the same transaction, committed both simple larceny and larceny after trust, there is no legal reason why the State could not prosecute and convict of the lesser offense, simple larceny, as the common-law rule of merger of crimes, where one. is a misdemeanor and the other a felony, does not prevail in this State. *Watson* v. *State*, 116 *Ga.* 607. We are not unmindful of the fact that in *Mobley* v. *State*, 114 *Ga.* 260, it was held that where the evidence showed that the accused was guilty of larceny after trust, he could not legally be convicted of simple larceny; but in that case there was no evidence that the accused had committed simple larceny as well as larceny after trust. There the accused was voluntarily intrusted with the money, which he subsequently appropriated to his own use. He did not obtain possession of the money by any trick, fraud, or false pretense, with intent to steal it. So, while the ruling announced was too broad, the case was

correctly decided on its facts.    Every case of larceny after trust·
does not include simple larceny, but both offenses may be com-
mitted in the same transaction.

*Judgment affirmed.    All the Justices concur, except Simmons,
C. J., absent.*