## BARRON v. THE STATE.

¯1. Where a person voluntarily, and without being induced by the fraud of another, delivers property into the possession of the other for the purpose of delivering it at a distant place, and the person so receiving possession wrongfully and fraudulently converts the property to his own use, such conversion is larceny after trust, without the element of simple larceny; and it is erroneous for the judge in such a case to charge the law of simple larceny.

·2. The charge complained of in the second ground of the motion for new trial was not erroneous for any reason ·assigned.

:3. A new trial being ordered on account of error in the charge of the court, · it is not necessary to pass upon the general grounds of the motion for new trial, which relate only to the sufficiency of the evidence.

Submitted July 16,—Decided July 27, 1906.

Indictment for simple larceny. Before Judge Burch. City ·court of Dublin. May 9, 1906.

The defendant was indicted for the offense of simple larceny. The evidence upon the part of the State was to the effect that the prosecutor was the owner of a number of sheep which he had pur-- chased from the defendant; that they were left in the possession of the defendant as the property of the prosecutor, who then engaged the defendant to shear the sheep and bring the wool to town for the purpose of delivering the same to the prosecutor; that the defend-- ant did shear the sheep, but instead of taking the wool to the prose-- cutor, he sold the same and converted the proceeds to his own use. Upon the trial the defendant denied the prosecutor's ownership,. and claimed the sheep as his own, and claimed the right to dispose of the wool for his own benefit.　The court charged the jury as follows: "The State contends that the prosecutor, D. T. Warren, delivered to Bennett Barron, the defendant, certain wool for the purpose of bringing it here to town, and that Bennett Barron, the defendant,. in pursuance of that agreement between them, took possession of this wool and had not delivered [it] at the place agreed upon, but that he had stolen the wool as set out in that indictment.　Now, if you believe from the evidence that this wool was delivered by the prosecutor, Warren, to Bennett Barron the defendant, to be deliv-- ered here to him, and that Bennett Barron, the defendant, took and carried the wool away with the intent to steal the same, and did steal the same, and you believe that, and that the title to the wool was in D. T. Warren, and you believe that beyond a reasonable doubt, it would be your duty to convict the defendant."　This charge was assigned as error, in the motion for a new trial, because the facts narrated in the charge would make out against the pris- oner a case of larceny after trust, and not simple larceny.　Another ground of the motion complained of the following charge by the court: "Now, the defendant contends that while he took this wool,. that he took it under a claim of right; that it was his wool; that it was from sheep belonging to him; and that he took the wool and appropriated it to his own use under that claim of right, and that it was his wool.　Then I charge you, gentlemen, that if you believe from all of the evidence in this case that Bennett Barron was act-- ing in good faith, under a claim of right that this was his wool,. and, in accordance with that good faith and these acts, that he took this wool and appropriated it to his own use, that you could not find him guilty."　The error assigned was that the court did not

go far enough and say, "if the contentions of the prisoner were true, that they ought to acquit him."

*John R. Cooper* and *Howard & Baker,* for plaintiff in error.

*G. H. Williams, solicitor,* and *J. S. Adams,* contra.

ATKINSON, J. It will be observed that the defendant was not the mere servant of the prosecutor. He was a person living in the country, while the prosecutor lived at a distance in town. There was no relation of master and servant between them. As to all other matters they were perfectly independent of each other. Under these circumstances, granting that the contentions of the State are true, the prosecutor owned the sheep and the defendant had no interest in them, but had contracted with the prosecutor to shear them and bring the wool to him in town. Under these facts, the relation of the parties would be that of bailor and bailee. The possession of the sheep was in the defendant; the possession of the wool was in the defendant. From the State's side of the case, such possession, without any mixture of fraud of any character whatever, was voluntarily placed in the defendant by the prosecutor. It is true that it was done with a trust, but nevertheless the possession was actually yielded to the defendant. Under these circumstances, after being so entrusted, if the defendant committed a larceny of the wool, the offense would be larceny after trust. It is not a case of violence to the possession of the prosecutor; for it affirmatively appears that the prosecutor voluntarily parted with his possession, and the injury results to the prosecutor, not from the thing being fraudulently taken from him, but from a fraudulent disposition by the defendant after the trust had been imposed. Under the facts, there is no simple larceny whatever in the case, and the court should not have charged upon that subject. See, in this connection, *Mobley* v. *State,* 114 *Ga.* 544; *Martin* v. *State,* 123 *Ga.* 478; *Fitzgerald* v. *State,* 118 *Ga.* 856; *Abrams* v. *State,* 121 *Ga.* 170.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*