## 1783.  RICE *v.* THE STATE.

1. Where it is shown upon a trial under an accusation for simple larceny that the defendant borrowed from the prosecutor, for a mere temporary purpose of her own, the article alleged to have been stolen, and, without. the prosecutor's consent, carried it away to another State, and the testimony is such as to justify the inference that the borrowing and the carrying away were with intent to steal, the conviction is lawful.

2. In cases of larceny after trust delegated, under section 191 of the Penal Code, it must appear that there was a bailment of the article converted or stolen, and that the delivery of the property to the defendant was for some purpose in which the bailor or some person other than the defendant had an interest and a benefit. A mere temporary loan of the property, without hire or other benefit to the person loaning, is not such a fiduciary bailment as would make the conversion or stealing of the property larceny after trust, as distinguished from simple larceny.

Accusation of larceny, from city court of Blakely—Judge Jordan.  March 2, 1909.

Submitted April 13,—Decided May 4, 1909.

*P. G. Thompson, James & Thompson,* for plaintiff in error.

*Walter G. Park, solicitor,* contra.

POWELL, J.  1.  The defendant, a woman, borrowed a pistol from the prosecutor, stating that her husband had gone away from home and left her alone.  The prosecutor loaned her the pistol that she might use it for three or four days.  In about two days after she borrowed it, the woman went to Alabama and carried the pistol away with her.  She never offered to return it, and made no explanation of her conduct.  Some months later she was arrested in Alabama and brought back upon requisition.  She was accused and convicted of simple larceny.  She presents the point in this court that if there was any larceny it was larceny after trust delegated, and not simple larceny.  "If, with intent to steal, one borrows or hires a horse or carriage, as he pretends, to ride, or obtain

the loan of any other chattel, . . his offense, notwithstanding this consent of the owner, is larceny." 2 Bishop's New Criminal Law (8th ed. ), §813. The intent to steal is inferable from the defendant's conduct in the present case.

2. The real question is, was the offense simple larceny; or was it larceny after trust delegated, under section 191 of the Penal Code? That section provides, "If any factor, commission merchant, warehouse-keeper, wharfinger, wagoner, stage driver, or common carrier on land or water, or any other bailee," shall fraudulently convert any thing of value entrusted to him, he shall be guilty of a felony. In *Sanders* v. *State, 86 Ga.* 718 (12 S. E. 1058), it is said that the words "other bailee," found in this section, are equivalent to the words "other like bailee." This statement, however, was characterized as obiter and not binding, in the case of *Cody* v. *State, 100 Ga.* 109 (28 S. E. 106), and it is there said that the words "other bailee" were intended to include any person with whom money or other thing of value might be entrusted or deposited. A similar criticism was made upon the *Sanders* case in *Weaver* v. *Carter, 101 Ga.* 213 (28 S. E. 869), and in *Belt* v. *State, 103 Ga.* 15 (29 S. E. 451). While the word "bailee," in its broad sense, may be construed to include every person to whom the possession of personal property is delivered by another, yet, from a careful reading of the *Cody* case and the *Belt* case, supra, it will be seen that a bailment more fiduciary in its character than that of a mere loan for the sole benefit of the borrower is necessary, to fulfil the legislative intention in the employment of the word. In *Cunnegin* v. *State, 118 Ga.* 125 (44 S. E. 846), the prosecutor voluntarily delivered the stolen article to the defendant, who carried it away and disposed of it fraudulently, intending to steal it; and the court sustained the conviction of simple larceny, saying that "the element of trust of the character which enters into all cases of larceny after trust was absent." This case cites *Finklestein* v. *State, 105 Ga.* 618 (31 S. E. 589), in which it is shown, in the course of the argument, that while the words "other bailee," used in section 191 of the Penal Code, were not so restricted in meaning as was indicated in the obiter in the *Sanders* case, supra, yet that under that section there must be a "delegated trust." See also, in this connection, *Harris* v. *State,* 81 *Ga.* 758 (7 S. E. 689, 12 Am. St. R. 355). Our con-

11

clusion is that, before a prosecution will lie under section 191 of the Penal Code, it must appear that the property was delegated to the defendant upon some trust or purpose in which the person delivering the article, or some person other than the defendant himself, has an interest or benefit; and that the mere delivery of the chattel to the defendant as a temporary loan, without hire and for the benefit of the defendant only, does not create such a bailment as is contemplated by that section.

> *Judgment affirmed. Russell, J., dissents.*