## 2877. BRYANT v. THE STATE.

1. Alleged error in refusing to quash an accusation is not properly presented for review through the medium of a motion for a new trial.

2. The same transaction may constitute both simple larceny and larceny after trust, and in such cases the offender may be prosecuted for and convicted of either offense.

(a) If a person, who at the time intends to steal an article of personal property, fraudulently induces the owner to hire it to him, and he thereupon steals it, he may be convicted either of simple larceny or of larceny after trust.

DECIDED OCTOBER 14, 1910.

Accusation of simple larceny; from city court of Quitman— Judge McCall. July 25, 1910.

*Grover C. Edmondson,* for plaintiff in error.

*S. M. Tumlin, solicitor,* contra.

POWELL, J. The prosecutor ran a bicycle shop. The defendant came in and stated that he wanted to hire a bicycle to ride to the railroad depot. The prosecutor let him have the bicycle and the defendant paid five cents for the hire of it. He rode away, and was not seen again until he was arrested in another town, with the bicycle still in his possession. There were circumstances connected with the manner in which the defendant came into the prosecutor's place of business which indicated very clearly that he intended to steal the bicycle at the time he hired it from the prosecutor, and that his claim that he worked at the railroad shops and wanted to ride to the depot on a temporary mission was a mere ruse to get possession of the property. The defendant was convicted of simple larceny.

1. The first point presented in the motion for a new trial is that the court erred in overruling a motion to quash the accusation on the ground that it was not drawn by the solicitor, as required by the act creating the court; the fact being that it was dictated by the solicitor to an amanuensis who did the writing, though the solicitor personally signed it. A point of legal argument may be well taken, or at least plausible, for one of two reasons,—because of its inherent merit, or because it states a proposition which, while not inherently meritorious, has gained standing by reason of its announcement by some court; for courts do sometimes, if not ofttimes, announce propositions that are not inherently sound, and these unsound announcements may become precedents. As the point here presented is palpably with-

out point, inherently considered, and as no decision from this or any other court is cited in support of it, we are led to believe that its only noteworthy characteristic is its novelty. But even if it were a point of any merit, it is not well presented, for it is well settled that alleged error in refusing to quash an indictment can not properly be complained of through the medium of a motion for a new trial.

2. There is, however, properly presented in the motion for a new trial a question which is not so easy of solution. This point is that the evidence shows a case of larceny after trust, and not of simple larceny; the former being a felony not within the jurisdiction of the court in which the case was tried, and the latter a misdemeanor. In *Abrams* v. *State,* 121 *Ga.* 170 (48 S. E. 965), it was held that "where one borrows another's property, with no intention, at the time, of converting it to his own use, a conversion thereafter pursuant to a subsequently formed intent is not simple larceny." In *Rice* v. *State,* 6 *Ga. App.* 160 (64 S. E. 575), this court held: "Where it is shown upon a trial under an accusation for simple larceny that the defendant borrowed from the prosecutor, for a mere temporary purpose of her own, the article alleged to have been stolen, and, without the prosecutor's consent, carried it away to another State, and the testimony is such as to justify the inference that the borrowing and the carrying away were with intent to steal, the conviction is lawful. In cases of larceny after trust delegated, under section 191 of the Penal Code, it must appear that there was a bailment of the article converted or stolen, and that the delivery of the property to the defendant was for some purpose in which the bailor or some person other than the defendant had an interest and a benefit. A mere temporary loan of the property, without hire or other benefit to the person loaning, is not such a fiduciary bailment as would make the conversion or stealing of the property larceny after trust, as distinguished from simple larceny." Now it may be seen that this case does not fall directly within the rulings made in either of the cases just mentioned. It is distinguishable from the *Abrams* case in that the testimony in this record is adequate to show that the animus furandi was present at the time the defendant procured the possession of the property. It is distinguishable from the *Rice* case in that the prosecutor herein had an interest in the

bailment to the extent of the compensation for the hire. But there is a case which covers transactions such as the one now before us—*Martin* v. *State, 123 Ga.* 478 (51 S. E. 334). It is there held, "If a person obtains possession of goods or money by trick or fraud, or under false pretense of a bailment, with intent to appropriate the thing to his own use, and the owner intends to part with the possession only, and not with the property, the possession is obtained unlawfully, and the subsequent appropriation in pursuance of the original intent is larceny." It is further said in that case, "It is true that the evidence also made out a case of larceny after trust (*Walker* v. *State,* 117 *Ga.* 260 [43 S. E. 701]); but as the accused, in the same transaction, committed both simple larceny and larceny after trust, there is no legal reason why the State could not prosecute and convict of the lesser offense, simple larceny, as the common-law rule of merger of crimes, where one is a misdemeanor and the other a felony, does not prevail in this State." So that, although the accused may have been guilty also of larceny after trust, he was, nevertheless, legally convicted of simple larceny. He ought to congratulate himself that he got off with a misdemeanor punishment, instead of a term in the penitentiary, as he very justly deserved.                *Judgment affirmed.*