## 3521.　WALKER *v.* THE STATE.

1. When one person hands to another money for the purpose of having it changed, neither the title nor the legal possession passes; and if the person to whom the money is thus handed takes and carries it away with intent to steal, formed either at the time when the money is handed him or subsequently when it is in his charge, he is guilty of simple larceny.

2. While drunkenness may be a circumstance from which the jury may infer that one who has taken and carried away another's property did not intend to steal it, still, if the intention to steal is present, drunkenness is no excuse for the crime, even though the intent to steal be caused by the drunkenness itself.

3. The evidence, though weak, is legally sufficient to support the verdict.

DECIDED OCTOBER 23, 1911.

Accusation of larceny; from city court of Polk county—Judge Irwin. May 15, 1911.

*William H. Trawick*, for plaintiff in error.

POWELL, J. The prosecutrix asked the defendant to change a $5 bill. He took it, and stepped into a store as if to get the change, and then disappeared. Next morning, after a warrant had been sworn out for his arrest, he came to the prosecutrix and told her that he was drunk on the day before, and that for that reason he failed to come back with the change, and he gave her the money in silver dollars. The judge charged the jury that if the defendant took the money, and intended to steal it at the time, or if afterward, while he had it, he formed the intention to steal it, and carried it away and appropriated it to his own use, he would be guilty of simple larceny.

1. It is well settled in this State that, when one person hands another money for the purpose of making change, the title does not pass, and the possession of the person to whom the money is handed is the possession of the owner thereof until the change has been made, and that, if a person to whom money has thus been handed takes it and carries it away with an intent to steal it, he is guilty of simple larceny. *Finkelstein* v. *State*, 105 *Ga.* 617 (31 S. E. 589). A question is here presented which was not presented in that case, however. Suppose that the person to whom the bill is handed for the purpose of changing it takes it without intending to steal it at the time, and then subsequently forms the intention to steal it, is the offense simple larceny? Some of the language used in the course of the opinion in the case of *Buckine* v. *State*, 121 *Ga.* 337 (49 S. E.

257), suggests that the court had this question in mind, but did not decide it. In *Abrams* v. *State*, 121 *Ga.* 170 (48 S. E. 965), it was held that where one borrows another's property, with no intention, at the time, of converting it to his own use, a conversion thereafter, pursuant to a subsequently formed intent, is not simple larceny. As pointed out in *Rice* v. *State*, 6 *Ga. App.* 160 (64 S. E. 575), there is a difference between the cases wherein the defendant obtains the property as a result of a bailment, and where he merely gains physical control. over it without there being any change of legal possession. ° As was pointed out in the *Finkelstein* case above, there is no bailment and no change of legal possession, where one person merely hands money to another to be changed; consequently in cases of this character it is immaterial whether the intention to steal was formed at the moment the money was handed over, or formed later. If the defendant, having the money in his temporary control, but not in his legal possession, and not having it for the purpose of any bailment, forms an intention to steal it, and takes and carries it away for that purpose, his crime is simple larceny. There are similar cases in which the crime may be both simple larceny and larceny after trust; but in these cases there must be a change of possession, in the nature of a bailment. *Bryant* v. *State*, 8 *Ga. App.* 389 (69 S. E. 121).

2. The court charged the jury that, though they should find that the defendant was drunk, this would be no excuse for the crime, if he really intended to steal the money. Chief Justice Jackson, in *Bernhard* v. *State*, 76 *Ga.* 613 (a prosecution for cotton stealing), says: "Cotton making, ginning, and packing would be a poor business in Georgia, if drunkenness excused a man. for stealing it, unless the prohibition of selling intoxicating liquors prevailed everywhere in the State; and if it did, plenty of rogues would get drunk on cider and domestic wines in order to steal." We think that counsel for the plaintiff in error is correct when he asserts that a jury may consider the intoxication of the accused, for the purpose of explaining his conduct and determining whether he carried the money away with an intent to steal it, or with mere lack of intention. A drunken man, coming into possession of another's money, might put it in his pocket and fail to return it to the owner simply because he was too drunk to act as a normal man would under the circumstances. He might even spend it, thinking in his

drunkenness that it was his own, when a sober man would have known that it was another's; and in such cases the drunken man's conduct might be entirely exempt from any animus furandi. A drunken man might handle another's property in such a way as that, if he were sober, the jury would believe he intended to steal it, and yet the jury, taking into consideration his drunkenness, might believe that he did not intend to steal it. As thoroughly as we agree with counsel in his assertion as to these principles, we do not agree with him that the court erred in charging the jury that, if the defendant did intend to steal it, his drunkenness would be no excuse for his crime. If the instructions of the court were not full enough upon this subject to satisfy counsel, he should have made a request for further instructions.

3. The evidence of the defendant's intention to steal the money, in the light of his well-proved drunken condition, is somewhat weak and unsatisfactory; but it is not legally insufficient to support the verdict.                                        *Judgment affirmed.*