### 3904.   BASLEY *v.* THE STATE.

Where a master entrusts to his servant a bill for the purpose of getting it changed and bringing back the change to him, and the servant fraudulently appropriates the bill to his own use and does not return it or the change, he is guilty, not of simple larceny, but of larceny after trust.

DECIDED JANUARY 30, 1912.

Accusation of larceny; from city court of Vienna—Judge Lassiter.   November 27, 1911.

*Alexander Akerman, John R. Cooper,* for plaintiff in error
*Watts Powell, solicitor,* contra.

POTTLE, J.   Basley was a servant upon the farm of Nobles in Dooly county.   Nobles agreed to advance him $21, and Basley agreed to go to Macon and use this money in transporting his wife and household goods to Dooly county.   On Wednesday Nobles gave him five five-dollar bills in Dooly county, and Basley agreed that he would get the money changed in Macon, where he was going, and repay the four dollars the next Friday, on his return.   He converted the whole amount to his own use.   He was convicted of simple larceny, under an accusation charging that offense.

The case seems to fall squarely within that of *Mobley* v. *State,* 114 *Ga.* 544 (40 S. E. 728), where it was held: "When a master entrusts to his servant a bill for the purpose of getting the same changed and bringing back the change to the former, and the latter fraudulently appropriates the bill to his own use and does not return either it or the change, he is guilty, not of simple larceny, but of larceny after trust."   The distinction between the case in hand and cases like *Finkelstein* v. *State,* 105 *Ga.* 617 (31 S. E. 589), and *Walker* v. *State,* 9 *Ga. App.* 863 (72 S. E. 446), was pointed out in the *Mobley* case.   In those cases no fiduciary relation existed between the owner of the money and the thief, and there was no bailment in a legal sense.   In contemplation of law, the legal possession never passed out of the owner.   Here there was a technical trust to a person standing in a fiduciary relation, and both the actual and legal possession had been voluntarily surrendered, without any fraud or artifice on the part of the person entrusted, other than that involved in the promise to repay the money at a stated time.   *Cunnegin's* case in the 118 *Ga.* 125 (44 S. E. 846), *Marlin* v. *State,* 123 *Ga.* 478 (51 S. E. 334), and *Bryant* v. *State,*

8 *Ga. App.* 389 (69 S. E. 121), may also be distinguished, upon the principle of *Barron* v. *State,* 126 *Ga.* 92 (54 S. E. 812), where Mr. Justice Atkinson very clearly points out the difference between simple larceny, where possession is obtained by fraud, and larceny after trust, where possession is voluntarily surrendered and the relation of bailor and bailee created. *Judgment reversed.*