## 5206.  PITTMAN v. THE STATE.

One can not be convicted of simple larceny unless it appears that he took the goods described in the indictment wrongfully and fraudulently, with the intent then and there entertained to steal the same. If possession of goods be delivered by the owner to another under an agreement by the latter to sell them for the benefit of the owner and to return to the owner either the proceeds arising from the sale or the goods themselves if unsold, and the goods are subsequently converted, the conversion is larceny after a trust delegated, and the person thus guilty of the conversion can not be convicted of simple larceny, unless there is some proof that he fraudulently induced the owner to surrender possession of the goods, intending at the time to appropriate them to his own use.

DECIDED OCTOBER 29, 1913.

Accusation of cheating and swindling; from city court of Fort Gaines—Judge Turnipseed.  August 8, 1913.

*King & Arnold,* for plaintiff in error.  *P. C. King, solicitor,* contra.

POTTLE, J.  The accused was convicted of simple larceny, under an accusation charging that offense.  He presents the point that if he was guilty of any offense the evidence demands a conviction of larceny after a trust.  The evidence was that the accused went to the store of the prosecutor and wanted some goods to sell at a picnic which was to be held at Hatcher's Station.  The prosecutor asked the accused why he did not purchase the goods at Hatcher's Station, and he replied that the merchants at that place did not have the goods he wanted.  The prosecutor testified: "I let the defendant have on consignment, to sell for me at the picnic, the following goods (referring to the goods described in the indictment).  The defendant was to sell these goods for me at the picnic and bring me back the money, or return the goods that were not sold.  I made several demands on the defendant for the money, but did not get the money, and no goods have been returned to me that I let him have.  After waiting about a month I took out a warrant for him. I explained to the defendant, when I let him have the goods, I was not selling the goods to him, but he was to act as my agent.  The defendant came to me and got some candy and other goods to sell at a picnic.  I consigned the goods to him."

The point presented is not without difficulty.  The same facts may involve simple larceny and larceny after a trust, so that a conviction of either offense would be authorized.  The decisions are

45

in some confusion and do not clearly draw a general distinction between the two offenses which can be applied in all cases. In *Rice* v. *State,* 6 *Ga. App.* 160 (64 S. E. 575), it was said, that the words "other bailee," as used in section 189 of the Penal Code, must be understood as implying a delegated trust to a person occupying some fiduciary relation to the bailor, and that hence a mere temporary loan of property with no benefit to the lender was not such a bailment as was contemplated by that section of the code. The principle enunciated in this section was followed in *Basley* v. *State,* 10 *Ga. App.* 470 (73 S. E. 624), and upon its application to the facts of that case we held that the evidence demanded a finding that the accused was guilty of larceny after a trust, and not of simple larceny. In that case a master intrusted his servant with a bill for the purpose of getting it changed and bringing back the change, and the servant fraudulently converted and appropriated it to his own use. We said that this was a delegated trust to a person standing in a fiduciary relation, and both the actual and legal possession had been voluntarily surrendered by the owner without any fraud or artifice on the part of the servant other than that involved in the promise to return the money. In *Bryant* v. *State,* 8 *Ga. App.* 389 (69 S. E. 121), it was held that where property had been hired to another who afterwards converted it to his own use, he might be convicted of simple larceny if it appeared that he fraudulently induced the owner to hire the property to him, intending at the time to steal it. This decision was similar in principle to that made in *Martin* v. *State,* 123 *Ga.* 478 (51 S. E. 534), where it was held: "If a person, fraudulently intending to get possession of the money of another and appropriate the same to his own use, by false representations induces the owner to deliver the money to him for the purpose of being applied for the owner's use or benefit, and then appropriates it in pursuance of the original intent, he is guilty of both larceny after trust delegated and simple larceny, and may be prosecuted for and convicted of either offense." The case of *Barron* v. *State,* 126 *Ga.* 92 (54 S. E. 812), is an illustration of the exact converse of the proposition stated in the *Martin* case. It was there held that if a person voluntarily, and without being induced by the fraud of another, delivers property into the latter's possession for the purpose of having it delivered at a distant place, and the person so receiving

possession wrongfully and fraudulently converts the property to his own use, the conversion is larceny after a trust, without the element of simple larceny. In the opinion it was said: "It is not a case of violence to the possession of the prosecutor; for it affirmatively appears that the prosecutor voluntarily parted with his possession, and the injury results to the prosecutor, not from the thing being fraudulently taken from him, but from a fraudulent disposition by the defendant after the trust had been imposed. Under the facts, there is no simple larceny whatever in the case, and the court should not have charged upon that subject."

We may get the matter clear in our minds by recurring to the definition of simple larceny; which is, "the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same." Penal Code, § 152. There can never be a conviction of simple larceny unless it appears that the original taking was wrongful and fraudulent and with the intent at the time of the taking to steal the property. If the possession is acquired rightfully and without fraud, and subsequently the goods be converted, the offense is not simple larceny. If the owner voluntarily surrenders possession and retains title to the property delivered, without any artifice or fraud on the part of the person receiving it, a subsequent conversion of the goods will be larceny after a trust. In the present case the evidence shows that the owner surrendered merely the possession of the goods, but retained the title. His surrender of possession was voluntary. The case turns, therefore, on the question whether there was any evidence from which the jury could find that he was induced to surrender this possession by any artifice or fraud on the part of the accused. In other words, the question is whether the jury could find that the original taking by the accused was wrongful and fraudulent and with a present intent to steal. Apparently, from the testimony of the prosecutor, the accused came to his store to buy some goods, either for cash or on credit, for the purpose of reselling them at a picnic. The prosecutor declined to sell the goods to the accused, but offered to deliver the goods to him in order that he might sell them as agent and for the benefit of the prosecutor, upon the agreement of the accused either to return the goods or to bring back the agreed price to the prosecutor. So far as appears, this arrangement was entered into at the suggestion of the

prosecutor himself. There is nothing in the evidence to suggest any fraudulent intent on the part of the accused at the time he received the goods, except the bare fact that he failed to return them or to pay for them. It is settled by the decisions that this fact alone is not sufficient proof of a fraudulent taking of goods which were voluntarily delivered by the owner into the possession of the person receiving them.

If it had appeared, from the testimony, that the accused gave a false reason for coming to the prosecutor for the goods (such as that he could not purchase them at Hatcher's Station, for the reason that the merchants at that place did not have the goods he wanted, when in fact there were similar goods at Hatcher's Station), this would have authorized an inference that he had the fraudulent intent at the time he received the goods from the prosecutor. Or if it had appeared that the accused did not in fact sell or make any effort to sell the goods at the picnic, such inference might have arisen. But nothing of this sort appears. The case is one simply where the accused was appointed the agent of the prosecutor and the possession of the goods was voluntarily surrendered by the prosecutor without any artifice or fraud on the part of the accused, and he subsequently converted to his own use either the goods or the proceeds arising from the sale. For aught that appears, the accused may have sold the goods and stolen the money, forming the intent to steal after the goods were sold. It may be doubted whether, under the evidence as it stands, he could be convicted of larceny after a trust in stealing the goods, it not appearing but that in compliance with his contract he sold the goods as he agreed to do. But however this may be, we do not think he could be convicted of simple larceny without some evidence to show the existence of a fraudulent intent at the time he received the goods.

*Judgment reversed.*