## 5243.  SMITH v. THE STATE.

1. A witness may sometimes state his inference in connection with the facts on which it is based, when unable to give the facts so fully and accurately as to put the jury completely in his place and enable them equally well to draw the inference, but in the present case the objection to the opinion of a witness should have been sustained, not only because it invaded the province of the jury, but also because there were not sufficient preliminary data to have authorized the conclusion drawn by him.

2. The evidence did not authorize the verdict finding the accused guilty of the offense of simple larceny. Proof of the taking of cottonseed of a landlord, with the consent and in the presence of his agent entrusted with its custody, will not support a conviction upon the charge of simple larceny.

DECIDED NOVEMBER 25, 1913.

Accusation of larceny; from city court of Louisville—Judge Phillips.  September 10, 1913.

*Price & Price,* for plaintiff in error.

*J. R. Phillips, solicitor,* contra.

RUSSELL, C. J.  1.  The defendant was convicted of the offense of simple larceny, it being alleged that he had stolen certain cottonseed. The prosecutor, W. A. Stone, was permitted to testify, over objection: "My opinion is that if Jim Christian, my cropper, had used all the fifteen bales of cottonseed I let him have to use, under his crop, he would have made a good deal more than he did make. My opinion is that if he had used all the fifteen bales of cottonseed under his crop, he would have made seven or eight bales of cotton and about ten bushels of corn per acre." We think the objection, that this was a matter to be determined by the jury after a statement of all the facts by the witnesses, should have been sustained. It is true that in *Taylor* v. *State,* 135 *Ga.* 622 (6) (70 S. E. 237), it was held that a witness who can not state or recite the facts so fully and accurately as to put the jury completely in the place of the witness and enable them equally well to draw the inference may sometimes give his inference in connection with the facts upon which it is predicated, but in the present case the witness stated sufficient facts to put the jury completely in his place, and it was for them, and not for the witness, to draw the inference as to how much cotton would probably have been made on "good red land," or sandy land, well worked, in the year 1912, which year, as a matter of general knowledge, as well as from the testimony of

the witness, is known to have been a very bad farming year. Moreover there were not sufficient preliminary data to authorize the conclusion stated by the witness. However, we would not on account of this ruling alone reverse the judgment refusing a new trial.

2. The defendant is entitled to a new trial because the testimony fails to show his guilt of the offense with which he stands charged. In order to show guilt the testimony of Jim Christian, apparently an accomplice, is absolutely necessary. It is undisputed that Christian was a cropper of the prosecutor, Mr. Stone, and that the seed which was stolen had been placed by Mr. Stone in the custody of Christian for safe-keeping, and to be used for Stone's benefit in planting and manuring the crop for the year 1912. According to the testimony of the accomplice, he, as Mr. Stone's cropper and agent, consented to the taking of the seed and its removal by the defendant's one-horse wagon, in consideration of a half of the proceeds of the sale of the seed, which was afterwards paid to him. Clearly Jim Christian was guilty of the greater offense of larceny after trust, and not of the lesser offense of simple larceny. *Basley* v. *State,* 10 *Ga. App.* 470 (73 S. E. 624). Under the ruling of the Supreme Court in *Bishop* v. *State,* 118 *Ga.* 799 (45 S. E. 614), the defendant in this case, if he actually participated in the offense, is likewise guilty of larceny after trust. See also *Springer* v. *State,* 102 *Ga.* 451 (30 S. E. 971); *Minor* v. *State,* 58 *Ga.* 551. If the witness, Jim Christian, himself stole Stone's cottonseed, and the defendant received them from Christian with the knowledge that they were stolen, he would be guilty of the statutory offense of receiving stolen goods; but in no view of the case can he be guilty of the offense of simple larceny, for simple larceny in its very nature implies that the taking was without the knowledge of the owner, while here we have a case of a taking in which the owner had, through his agent, constructive knowledge of the taking; and if the agent had authority to permit the seed to be taken, the defendant would have been guilty of no offense. And since the agent did not have such authority, and converted them to his own use in fraud of his landlord, the owner and bailor, the agent is guilty of larceny after trust, and his co-principal should not escape with a lighter penalty. See, also, in this connection, *Pittman* v. *State,* 13 *Ga. App.* (79 S. E. 915).

*Judgment reversed.*