### 6438. LANIER v. THE STATE.

RUSSELL, C. J. 1. The Court of Appeals can not consider whether the court erred in overruling the demurrer to the indictment, because in the bill of exceptions error is not assigned upon the exceptions pendente lite.

2. The evidence is not sufficient to authorize a conviction of the offense of simple larceny, and the case is controlled by the rulings of this court in *Watson* v. *State*, 6 *Ga. App.* 801 (65 S. E. 813), *Pittman* v. *State*, 13 *Ga. App.* 705 (79 S. E. 915), and *Smith* v. *State*, 14 *Ga. App.* 17 (80 S. E. 22).

(a) If one obtain possession of personal property by trick or fraud or under false pretense of a bailment, with intent to appropriate it to his own use, and subsequently, while in custody thereof by virtue of a fiduciary relation, appropriates it, he may be convicted of simple larceny (*Martin* v. *State*, 123 *Ga.* 478, 51 S. E. 334); but if, during the existence of the fiduciary relation, the owner of the property voluntarily entrusts the possession thereof to his servant or agent, who has not obtained possession by any fraud or false pretense, and who thereafter converts the chattel to his own use, the offense is not simple larceny, but is larceny after trust. *Mobley* v. *State*, 114 *Ga.* 544 (40 S. E. 728). Where no fiduciary relation exists between the parties, and therefore consent to the possession of the chattel can not be implied, one temporarily entrusted therewith who converts it to his own use may be convicted of simple larceny. *Finklestein* v. *State*, 105 *Ga.* 617 (31 S. E. 589).

3. The facts of the present case place it squarely under the rulings of the Supreme Court in *Mobley* v. *State*, supra, *Fitzgerald* v. *State*, 118 *Ga.* 856 (45 S. E. 666), and *Abrams* v. *State*, 121 *Ga.* 171 (48 S. E. 965); and the court therefore erred in overruling the motion for a new trial.                                        *Judgment reversed.*

DECIDED OCTOBER 7, 1915.

Indictment for simple larceny; from Laurens superior court— Judge Kent. February 16, 1915.

Simon Lanier was convicted under an indictment charging him with the larceny of a mule, the property of J. M. Hall. Hall testified, that Lanier worked with him on his (Hall's) farm "on halves," and had "gotten crop" with him on halves, and he had turned the mule over to Lanier to make a crop with; that Lanier carried the mule away about the first of May and did not return, and several months elapsed before Lanier or the mule was found. The witness further testified: "He never carried her away from my house without my knowledge or consent. . . I think he left with the mule in the daytime. He did not furnish me with notice, that he was going away with the mule. I knew he was going to town to get some supplies, but I didn't know he was going to leave my farm. . . He left on Saturday. On Monday or Tuesday I went up to his house and his wife told me he had gone away. I waited until after the crop was gathered, and just now had him indicted. . . He had been working along

there with me ever since Christmas. . . I told Simon if he would work with me all the year and make a crop with the mule, that I would give her to him; that was my trade. I just gave him the mule to make the crop; he didn't do that. I didn't give him the mule outright; I told him to make that crop with her and I would give her to him. I never did promise him the mule as part of the consideration for making the crop if he would take her and cure her. . . I had just turned the mule over to Simon to make a crop with. . . He stole the mule out of my lot. . . At the time the mule was carried away she was my mule; she was mine until the crop was made."

J. E. Burch, P. W. Hicks, for plaintiff in error.

E. L. Stephens, solicitor-general, contra.