### 10548. KELLEY *et al v.* THE STATE.

1. The same transaction may constitute both larceny after trust and simple larceny. In such a case there may be a conviction of either offense.
2. If a person obtains possession of the property of another under the false pretense of a bailment, with intent to appropriate the property to his own use, and the owner intends to part with the possession only of the property, the possession is obtained unlawfully, and the subsequent appropriation in pursuance of the original intent is simple larceny.

DECIDED JULY 23, 1919.

Indictment for larceny; from Fulton superior court—Judge Humphries. April 12, 1919.

*W. I. Heyward, H. A. Allen, Tillou Von Nunes,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BROYLES, P. J. The controlling question in this case is whether the defendants were guilty of simple larceny as charged in the indictment, or whether they were guilty of larceny after trust only. It is contended by their counsel that under the evidence adduced the only offense of which they could have been legally convicted was larceny after trust. Both of the defendants were employed by the firm of Cefalu & Company, engaged in the "green grocery" business. One of the defendants, Hampton, was employed by the firm about 8 o'clock on the morning of January 31, 1919, to drive their delivery wagon. After making one delivery to a local hotel he returned to the store with the mule and wagon. About 10:30 o'clock on the same morning he was again entrusted with the mule and wagon and sent out to deliver other groceries. This time he did not return to the store, and the mule and wagon were

not sent back. About 1:30 o'clock in the afternoon of the same day the other defendant, Kelley, rode up on the mule to the stable of a horse and mule dealer in Atlanta and offered to sell the mule for $15, but finally agreed to take $5 for it. The dealer, without the knowledge of Kelley, had the police telephoned for, and attempted to keep Kelley there by conversation and by delay in paying him the money. Kelley's suspicions were aroused, however, and before the police arrived he ran and attempted to escape, but was caught by the dealer and was turned over to the police when they arrived. Kelley told the police that he had left the other defendant, Hampton, "up the street a little ways," and that he and Hampton had decided to sell the mule and get money to leave on that night.

1. It is well settled that the same transaction may constitute both larceny after trust and simple larceny, and that in such a case the jury can convict the accused of either offense. *Martin* v. *State,* 123 *Ga.* 478 (51 S. E. 334), and authorities cited; *Bryant* v. *State,* 8 *Ga. App.* 389 (2) (69 S. E. 121).

2. Where a person obtains possession of the property of another, under the false pretense of a bailment, with intent to appropriate the property to his own use, and the owner intends to part with the possession only of the property, the possession is obtained unlawfully, and the subsequent appropriation of the property in pursuance of the original intent is simple larceny. *Martin* v. *State,* supra, and authorities cited.

The intent with which an act is done is peculiarly a question of fact for determination by the jury; and although a finding by the jury that the accused had the intent to commit the crime charged may be supported by evidence which is exceedingly weak and unsatisfactory, the verdict will not be set aside on that ground. *Johnson* v. *State,* 9 *Ga. App.* 409 (3) (71 S. E. 507).

Under the foregoing rulings we think that the facts of the instant case authorized the jury to find that when the defendant Hampton obtained possession of the mule and wagon to make the second trip for his employers he had formed the intent to appropriate the property to his own use, and that the other defendant, Kelley, conspired with him, and that they were both guilty of simple larceny.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*

STEPHENS, J., concurring specially. I concur in the judgment of affirmance on the ground that, under the law of Georgia, "horse stealing shall be denominated simple larceny. . . The offense shall, in all cases, be charged as simple larceny, but the indictment shall designate the nature, character and sex of the animal, and give some other description by which its identity may be ascertained." Penal Code, §§ 153, 154. The indictment in this case charges the defendant with simple larceny for that he "did wrongfully, fraudulently and privately take, steal and carry away with intent to steal the same one sorrel horse mule and wagon, of the value of one hundred dollars," etc. The evidence showed that the defendants were guilty of horse stealing, and therefore supported the indictment.

The excerpts from the charge of the court, if error, were harmless.