### 11346.  MAXWELL *v.* THE STATE.

Intent to steal when the accused borrowed the coat alleged to have been stolen could be inferred by the jury in this case, and a conviction of simple larceny was authorized.

DECIDED MAY 11, 1920.

Indictment for simple larceny; from Stephens superior court — Judge Jones.  January 31, 1920.

The article alleged to have been stolen was Alzie (or Eliza) Bohanon's coat.  Her husband, in his testimony, said: " Some time last November or October, 1919, George Maxwell (the defendant) and his wife were boarding at my house.  One morning it was drizzling rain and he wanted to borrow my wife's coat and said

he would bring it back about one o'clock the same day. I told him I would let him have it, and let him have it, with the understanding he was to bring it back by one o'clock the same day, and he has never returned the coat." On cross-examination the witness stated that the defendant owed him $6 for board, and he took out a warrant against the defendant " for beating his board," and when he decided that he could not get what was due for the board he went before the grand jury and had the solicitor-general draw an indictment for larceny; that he made no demand upon the defendant or the defendant's wife for the coat, and made no search or inquiry for it after it was borrowed, and only tried to collect the board bill; he did not know where they went after leaving his house. The wife of this witness testified to the same effect, and said that the defendant and his wife " never brought back the coat or said anything about it." Its value was $15. The defendant in his statement at the trial denied that he stole the coat. He said: ".Me and my wife boarded at Mr. Bohanon's house; my wife got sick, and, after she got able to go to town, one morning I asked Mr. Bohanon for a parasol; he said he did not have a parasol but had an old coat that was not much account, and would let him [me?] have that for his [my?] wife. We left there then and got us some rooms nearer up in town . . and stayed about two weeks. I would have carried the coat back, but my wife said Mrs. Bohanon gave her the coat for waiting on her. I would have had the coat here to-day, but my wife is in South Carolina and did promise positively she would be here and have the coat here in court to show what kind of looking coat it was. I consider the coat no good at the time we borrowed it and now. . . I just could not make my wife bring the coat back, but she promised to have it here in court and give it back to them. She said she brought it back to them one time and carried it to the jail and hunted for them rather than have any trouble about it, but Mr. Holcomb's wife said for her to keep it, and my wife has been in South Carolina ever since."

*J. A. McDuff*, for plaintiff in error.

*J. G. Collins, solicitor-general,* contra.

LUKE, J. Under the evidence in this case the jury were authorized to find that the defendant had the intent to steal at the time he procured the coat alleged to have been stolen. The defendant

claimed that he borrowed the coat with no intent to steal; the jury, however, under appropriate instructions, must determine what the intent of the defendant was at the time of procuring the coat. The verdict has evidence to support it and has the approval of the trial judge. For no reason assigned do we find error requiring a new trial. See *Rice* v. *State, 6 Ga. App.* 160 (64 S. E. 575); *Bryant* v. *State, 8 Ga. App.* 389 (69 S. E. 121). And see *Munn* v. *State, 12 Ga. App.* 479 (77 S. E. 591). If, as contended in the brief of counsel for the defendant, his wife borrowed the coat and he had nothing to do with holding it, we apprehend that the jury would have found a different verdict. The record before us does not bear out the contention of the defendant in this regard.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*