## 17799.  HIX *v.* THE STATE.

A conviction of simple larceny was authorized by the evidence, from which it appeared that the defendant borrowed a cow for the ostensible purpose of getting milk from it for a sick baby, and, without the knowledge or consent of the lender, sold the cow, and failed to account for the proceeds of the sale. The evidence was sufficient to authorize an inference that when the defendant borrowed the cow, he had the intent to steal it.

DECIDED MARCH 8, 1927.

Larceny of cow; from Chattooga superior court—Judge Maddox. November 29, 1926.

*C. D. Rivers,* for plaintiff in error.

*J. F. Kelley,* solicitor-general, contra.

LUKE, J.   While the jury in this case could have taken as true the defendant's statement that he was authorized by the prosecutrix to sell her cow, and that he did so, and failed to account for the proceeds of the sale because of his inability to find the prosecutrix, yet they declined to do so, and, as they had the right to do, accepted as true the testimony of the prosecutrix that the defendant borrowed the cow for the ostensible purpose of procuring milk for a sick baby, and, without the knowledge or consent of the lender, sold the cow, and failed to account for the proceeds of the sale. Viewing the case as a whole, its strength is not impressive, yet the evidence is sufficient to authorize an inference that the defendant had the intent to steal the cow when he borrowed it, and to sustain the conviction of simple larceny; and the court did not err in overruling the motion for new trial. *Rice* v. *State,* 6 *Ga. App.* 160 (64 S. E. 575); *Munn* v. *State,* 12 *Ga. App.* 479 (77 S. E. 591); *Maxwell* v. *State,* 25 *Ga. App.* 306 (103 S. E. 178).

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

Criminal Law, 16 C. J. p. 849, n. 23; p. 929, n. 86.
Larceny, 36 C. J. p. 899, n. 34.