### 35382. DENNISON *v.* THE STATE.

CARLISLE, J. Where, on the trial of one charged with the simple larceny of a certain described hog, it appears from all the evidence, and every reasonable inference to be drawn therefrom, that the alleged owner (a landlord) of the hog voluntarily and without being induced by fraud, delivered to the defendant (his tenant-sharecropper) a number of brood sows under an agreement that the defendant should care for and feed the sows in consideration for which he should have one-half of the increase from such sows, that the defendant was authorized to take such increase to market and sell them in his and the owner's behalf, and that he was authorized to sell any of the brood sows, if he replaced them from the increase, and it appears that the defendant entered upon the agreement and took possession of the sows for the purposes named, and some fifteen months later he was apprehended in the act of selling one of the sows which he had put ·on the market in the name of a third person—the defendant's alleged conversion of the sow may be larceny after trust, but it is not simple larceny, and his conviction of the latter crime is contrary to law. *Smith* v. *State,* 85 *Ga. App.* 875 (70 S. E. 2d 548); *Basley* v. *State,* 10 *Ga. App.* 470 (73 S. E. 624); *Wright* v. *State,* 18 *Ga. App.* 337 (89 S. E. 432). See especially in this connection *Mobley* v. *State,* 114 *Ga.* 544, 545 (40 S. E. 728), where it is said: "The case of larceny after trust arises when there is an agency on the part of the person entrusted with the property of another by

virtue of which *the person so entrusted is to do something with the property for his principal's benefit, or where there is a bailment of some description.*" (Italics ours.) Consequently, the trial court erred in denying the defendant's motion for a new trial, based solely on the general grounds.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232), requiring that the whole court consider any case in which one of the judges of a division dissents, this case was considered and decided by the court as a whole.

*Judgment reversed. Felton, C. J., Gardner, P. J., and Quillian, J., concur. Townsend and Nichols, JJ., dissent.*

DECIDED DECEMBER 1, 1954.

*Wm. A. Zorn,* for plaintiff in error.

*W. Glenn Thomas, Solicitor-General,* contra.

TOWNSEND, J., dissenting. The evidence in this case shows that the defendant was a share-cropper for the prosecuting witness, and lived on the witness's land, and that, in addition to the duties imposed upon him by the landlord-and-tenant relationship, he was to feed and look after certain hogs on the prosecutor's land (other than land which he was farming) and was to receive, as remuneration for this task, a percentage of the increase of the hogs. There is no evidence showing any right of possession in him of any hogs other than the increase, and other than as to certain hogs which the prosecutor specifically entrusted to him to sell, and which are not involved in this case. No right of possession appears in the defendant such as to constitute a bailment—the defendant merely looked after the hogs, but he did not have any right to remove them from the prosecutor's premises or to exercise any right of possession over them, as distinguished from the right of custody that he exercised in feeding and looking after them on the owner's premises. Ordinarily, the owner himself came to the farm and supervised it regularly; that he did not do so for the three months preceding this theft was due to the fact that he was ill and not able to get about, and such absence was not, under the circumstances, evidence that he had turned the right of possession of the hogs over to the defendant in such manner as to constitute a bailment. "One who has merely the custody of a chattel as distinguished from its possession is guilty of larceny if, with felonious intent, he converts it to his own use, regardless of the fact whether the

custody was acquired lawfully or unlawfully, or whether the intent to convert was formed at the time custody was acquired or afterward." 36 C. J. 776, § 134; 52 C. J. S. 826, § 30. "In cases of larceny after trust delegated . . . it must appear that there was a bailment of the article converted or stolen, and that the delivery of the property to the defendant was for some purpose in which the bailor or some person other than the defendant had an interest and a benefit." *Rice* v. *State*, 6 *Ga. App.* 160 (2) (64 S. E. 575). Here there was no such delivery of the hogs by the prosecutor to the defendant as to constitute a bailment, the defendant merely having the duty of looking after the hogs in the owner's fields. Cf. *White* v. *State*, 24 *Ga. App.* 336 (100 S. E. 756), where an employee, given custody of mules and a wagon to haul wood to the employer's house, drove them elsewhere and sold them; and *Wall* v. *State*, 75 *Ga.* 474, where a servant who helped in ginning and storing cotton was permitted for convenience to keep the keys to the gin-house—in both of which cases it was held that the offense was simple larceny, the custody of the property not being such possession as would constitute a bailment.

The same evidence may frequently authorize a verdict of guilty of either simple larceny or larceny after trust, in which event either verdict will be upheld. *Kelley* v. *State*, 24 *Ga. App.* 155 (1) (100 S. E. 23). A verdict of guilty should not be reversed for this reason unless the evidence demands a finding of guilty of one offense to the exclusion of the other. I do not think that the evidence in this case so requires.

Furthermore, larceny of a hog is a statutory offense designated as simple larceny by Code § 26-2610, and the punishment for this offense is fixed by Code § 26-2611. Since the indictment charges, and the evidence sustains a conviction for, the offense set out in these Code sections, I think that the judgment should be affirmed for this reason also. See special concurrence in *Kelley* v. *State*, supra.

I am authorized to say that Nichols, J., concurs in this dissent.