NELSON TIFT, plaintiff in error, *vs.* TALIAFERRO JONES, defendant in error.

1. The proprietor of a toll-bridge is bound by law to keep the same in a safe condition, and to make all needful repairs, and he has a right to take up any portion of the bridge which it may be necessary to displace for the purpose of making such repairs.

2. While such repairs are being made, and a large portion of the flooring of the bridge is taken off, and the timbers sustaining the floor are removed from their usual place, so as to be plainly seen by all persons, and the collection of toll is discontinued, the relation of the owner to the public as proprietor of a toll-bridge is suspended, and he is not liable to a passenger who attempts to cross the bridge on foot on planks temporarily laid down several feet apart, for the use of the workmen, and who is injured by falling between the planks thus placed, or through an opening caused by the removal of the timbers.

3. For the purpose of proving that toll was charged while the bridge was in that condition, it is not competent for a witness to state that he has an account showing a charge against him for toll of the same date the accident occurred.

4. When a party to an action intends to be a witness for himself, and the court directs that his witnesses be separately examined, it is the proper rule, unless there be special reasons to the contrary, that such party should first be examined in the absence of his other witnesses, in order that he may thereby be present, as is his right, during the whole trial of his case.

Roads and bridges. Evidence. Witness. Practice in the Superior Court. Before Judge STROZER. Dougherty Superior Court. April Term, 1874.

Tift *vs.* Jones.

Jones brought case against Tift for $50,000 00 damages, alleging that the defendant was the proprietor of a toll-bridge across the Flint river, at the city of Albany; that he kept it so negligently and carelessly that the plaintiff fell through the same a distance of twenty-eight feet, and was thereby damaged in the sum aforesaid. The defendant pleaded that he was neither negligent or careless; that at the time the plaintiff was injured all crossing on the bridge was suspended for the purpose of making repairs; that the bridge was then torn up; that he was charging no toll; that the crossing being thus suspended, and no toll being charged, the bridge was not at that time a toll bridge; that the plaintiff was injured by his own fault.

The evidence made, in brief, this case: The bridge, at the time of the accident, was not in a condition to be crossed. A large portion of the flooring had been taken off, and the timbers sustaining the same removed from their usual place. This dangerous condition was patent. The collection of toll was suspended. Planks, several feet apart, were laid down for the use of the workmen. The plaintiff was drinking; there was some evidence to show that he was drunk. He crossed the larger portion of the bridge in safety, but upon entering into conversation of an unpleasant nature with defendant on the other side, seemed to become disconcerted, and fell through. He was urged not to cross. The defendant was present at the time, superintending the repairs.

The jury found for the plaintiff $7,500 00. The defendant moved for a new trial upon the following among other grounds:

1st. Because the court erred in substituting the word "prohibit" for "forbid," and in adding, "provided he did not cross by permission of defendant or his agents," to the following request: "If the defendant's bridge was out of repair, it was his duty to repair it, and he had the right to tear up so much thereof as was necessary to repair it, and to forbid persons from crossing the same, or to refuse to take toll for the

Tift *vs.* Jones.

crossing at the time the bridge was torn up, then the plaintiff is not entitled to recover."

2d. Because the court erred in allowing the witness, Frank Tharp, to testify, for the purpose of showing that the defendant had charged toll on the day of the injury, that the bridge-keeper had presented him with an account embracing such items, which he had paid, and which he now had receipted; that said account was in his trunk.

3d. Because the court erred in refusing, when the defendant moved to have the plaintiff's witnesses separated, to cause the plaintiff to be first examined out of the hearing of his witnesses, and before he had heard their testimony.

4th. Because the verdict was contrary to the law and the evidence.

The motion was overruled and the defendant excepted.

Poe, Hall & Lofton; D. H. Pope, for plaintiff in error.

Wright & Warren; H. Morgan, by R. H. Clark, for defendant.

Trippe, Judge.

1. This case may be reduced to a very narrow compass, without going into all the learning growing out of the law as to the general obligations of the proprietor of a toll-bridge, whilst it is used as such, to the public or to passengers. It is unquestionably true that it is the duty of such a proprietor to keep his bridge in a safe condition. For a failure so to do, he would be responsible for any damage resulting therefrom to a passenger. To secure this condition of the bridge, repairs are necessary. To make these repairs, he has the right to take up any portion of the bridge which is required to be removed, in order to discharge his duty. As to the obligations imposed by law upon the owner of toll-bridges, see Code, section 670, paragraph 5, and section 690. There is no complaint made in this case that the defendant took up more of his bridge than was necessary to make the needed repairs.

2. If, then, the proprietor, in the discharge of this duty, so

Tift *vs.* Jones.

far takes up the flooring of the bridge, and removes the timbers supporting the floor so as to be plainly seen by all persons, and the fact is patent to any observer that the bridge is necessarily in a condition not fit to be crossed, and the collection of toll is discontinued, then the relation of the proprietor to the public, as the keeper of a toll-bridge, is suspended, and continues suspended for such time as may be needed to put the bridge in a safe condition. If, whilst the bridge is in this situation, a passenger attempts to cross the bridge on planks temporarily laid down, several feet apart, for the use of the workmen, and is injured by falling between the planks thus placed, or through an opening caused by the removal of the timbers, he is not entitled to recover damages therefor against the owner as a negligent proprietor of a toll-bridge. The parties are remitted to their rights, as they result from those relations which exist between individuals. It would be a legal mockery to require the proprietor to repair his bridge, and by this, as a matter of course, giving him the power to do whatever is necessary to accomplish the repairs, even if it be the removing of one-half his bridge, and at the same time hold him bound under all the strict rules governing the case of a bridge whilst in active use. The defendant was not responsible for the use of the planks temporarily laid down for one purpose, because the plaintiff sought to use them for another for which they were not designed: Sh. & R. on Neg., sec. 500; and see 42 Maine R., 248, on this point. If one were building a bridge for the public or for himself, it would hardly be held that he was responsible to any one who might willfully, or even by the owner's consent attempt to cross on a beam or sill, which had been laid down, and be thereby injured, and when all the hazard was patent, and there were no concealed dangers which it was the builder's duty to disclose.

3. The question as to the collection of toll by the defendant whilst the bridge was in the condition described, was an important one, and the testimony somewhat conflicting. To prove that the defendant had charged toll, a witness stated, that he had an account in his trunk which was presented by

the bridge-keeper, showing a charge for toll on the day of the accident. This evidence was objected to by the defendant and the testimony admitted. Even if the account, if produced, would itself be sufficient to establish such a fact, still we think that the writing should have been offered. The existence or truth of a fact cannot be established by merely stating that it is in writing. It is now declared by statute that the best evidence of the fact sought to be proved must be produced, unless its absence is satisfactorily accounted for: Code, sec. 3760.

4. Section 3863 of the Code provides that, "in all cases, either party has the right to have the witnesses of the other party examined out of the hearing of each other. The court will take proper care to effect this object as far as practicable and convenient, but any mere irregularity shall not exclude the witness." Where the court, under this provision of the law, directs a separate examination of the witnesses, and the party intends to be a witness for himself, it would be a proper rule that such party should be first examined, unless there be reasons to the contrary, in the absence of his other witnesses. This would preserve his right to be present in the court during the whole trial of his case. There are cases, doubtless, in which the examination of the party would not be first ordered. His testimony might be with reference to some point, or of such a character that it would not be fairly intelligible to the jury unless other evidence with which it was connected had been heard. The particular circumstances of each case must control it, under the discretion of the court; and the words, "the court will take proper care to effect this object, as far as practicable and convenient," invests the court with extensive discretion in the matter. That discretion should not be interfered with unless clearly abused, and the courts will doubtless take care that the party proposing to be a witness shall not willfully disregard the rule, nor the other party improperly disable him in the exercise of every right the law gives him.

Judgment reversed.