## GROOVER *v.* SIMMONS.

1. A verdict authorized by the evidence and having the approval of the trial judge will not be disturbed unless there are errors plainly disclosed by the assignments of error in other grounds of the motion for a new trial which would warrant a reversal as matter of law because such error may have contributed to or have induced a finding upon fact bespoken in the verdict of the jury.

2. In administering the rule which requires the sequestration of witnesses upon the request of either or of both parties to a cause, the judge of the superior court is invested with a broad discretion which is to be liberally construed, and the exercise of this discretion will not be controlled or overruled except in case of an abuse of discretion. Under the circumstances disclosed by the record in this case we can not hold that the trial judge abused his discretion, and that the exclusion of the witness in the circumstances stated would require the grant of a new trial.                                        .

3. "Where it is a material question at issue whether the relation of principal and agent existed between two persons, the alleged agent is a competent witness to testify to facts showing the existence of the agency. Receiving his testimony for this purpose would not be proving agency by the hearsay declarations of the alleged agent, but by his sworn testimony as a witness." As appears from the explanatory note of the trial judge, the point presented for the consideration of the Supreme Court in the second ground of the amendment to the motion for a new trial does not present the same question as was presented to the trial court and which was the subject of his ruling in the trial, and for that reason presents nothing for the consideration of this court.

A question not raised in the trial court can not be raised or adjudicated by a court of review.

4. The court did not err in permitting proof of the value of that portion of the land which the plaintiff was attempting to exclude from the conveyance by a reformation of the deed, thus permitting the defendant to show, if he could, by comparison with the value of the tract of land as a whole that it would have been most unreasonable for the defendant to have accepted a deed to less than the entire tract as described therein, by reason of the fact that the part to be excluded and which was included in the deed was far more valuable than the remainder of the tract. While the real issue in the case was whether the deed should be reformed so as to convey only 632 acres instead of 920 acres of land, still the circumstance that the 632 acres by itself would not be worth any more than the 288 acres which it was sought to subtract from the deed by reformation might be a circumstance indicating that there was no such fraud, accident, or mistake as would warrant a reformation.

5. Testimony to the effect that Dan R. Groover, who, though not a party, held a deed from the plaintiff's intestate prior in date to that under which the defendant claimed, made statements to a named witness indicating that he had knowledge of the liens to which the land purchased by him was subject, was admissible over the objection that the evidence related to a conversation six months prior to the defendant's purchase of the land, as well as the further objection that the conversation or statement referred to was not with James B. Groover (the plaintiff's intestate) but with Dan R. Groover, who was not a party to the case. There was a conflict in the testimony of Dan R. Groover and E. A. Corey as to whether Dan R. Groover disclaimed any equity in the land on account of the older liens, and as to whether Dan R. Groover knew at the time that the deed from the plaintiff's intestate to the defendant purported to convey 920 acres, and the evidence was admissible for the purpose of corroborating Corey and discrediting Groover.

6. Value can not be established by proof that the owner of the property or his agent was offered a certain price therefor at a time and upon an occasion entirely disassociated from the transaction under consideration. The repetition by the witness of the language used in the offer is at most only the statement of one not under oath, of his unsworn opinion as to the matter of value,—mere hearsay and of no probative value.

No. 4611. SEPTEMBER 18, 1925.

Equitable petition. Before Judge Graham. Bulloch superior court. September 20, 1924.

*Hinton Booth* and *Anderson & Jones,* for plaintiff.

*Deal & Renfroe, Fred T. Lanier,* and *F. B. Hunter,* for defendant.

RUSSELL, C. J. The action now before us was originally one to rescind a contract of sale and cancel a deed executed by James B. Groover to Brooks Simmons. There was also a prayer that

"in the event  .  .  a jury should find that said sale should not be rescinded, that the deed made by plaintiff to defendant be reformed so as to speak the truth and to convey only 632 acres of land." The suit was filed on October 22, 1917. By an amendment allowed on April 24, 1918, the plaintiff struck certain paragraphs of the petition which alleged the petitioner's incapacity to contract, and struck the prayer asking rescission and cancellation, and set up instead that the defendant had actual notice that the petitioner only owned 632 acres of land, and was informed by the petitioner that he had previously sold and conveyed to his sons 288 acres of the 920-acre tract, that his sons were in possession of same under duly recorded deeds, and that he only owned and could convey only 632 acres of land. The amendment alleged that "the agreed purchase-price of the said 632-acre tract of land that petitioner informed defendant was all he held title to and could convey was $12,000, and said defendant agreed and promised to pay petitioner said amount for said land, with the understanding that the defendant would pay off and have cancelled at once all the outstanding liens and incumbrances against said land, . . using such portions of the purchase-money as might be required for that purpose, and then pay petitioner the surplus, whatever it might be, and would give to petitioner the benefit of any discounts that might be obtained in the settlement of said liens and incumbrances." A list of the liens and incumbrances was attached to the petition, as exhibit "B." In the amendment the petitioner further alleged: "8. Notwithstanding his said agreement to pay off and have cancelled of record the said liens and incumbrances, defendant has failed and refused and still fails and refuses to do so, but, on the contrary, has bought them in and has had them transferred and assigned to him, and is now holding them, and refuses to cancel them of record. 9. Defendant has paid petitioner the sum of $500 out of the estimated surplus, but has not accounted to petitioner for the balance of said surplus, and there is yet due and owing to petitioner a balance of $........ of said purchase-money, over and above the amount of outstanding liens and incumbrances at the date of said deed." Upon this amendment the petitioner prayed specific performance of the contract as alleged, and that the defendant be required to pay off and cancel of record all the liens and incumbrances that were outstanding against said land at

the date of said deed. He also prayed for a judgment against the defendant for the amount due him in excess of $500, "to wit, $........." However, the second prayer of the original petition, in which it was asked that the deed made by the petitioner to the defendant be reformed so as to speak the truth and to convey only 632 acres of land, was not stricken. The case has previously appeared in this court. *Groover* v. *Simmons,* 152 *Ga.* 423 (110 S. E. 179). At that trial there was a verdict for the plaintiff, and exception was taken by the plaintiff Groover to the grant of a new trial. The judgment of the court in granting a new trial upon the ground that one of the jurors was related within the prohibited degree was affirmed with directions by this court on December 16, 1921. This court held that the evidence authorized the grant of a new trial upon the grounds stated, but that it was error not to have stricken two of the paragraphs of the defendant's answer, which were directed by this court to be stricken upon a further trial. Upon the trial now under review the jury found a verdict in favor of the defendant. The plaintiff made a motion for a new trial, which was overruled, and the exception is to the judgment refusing a new trial. There is no complaint as to the charge of the court. The motion rests upon the general grounds and five additional grounds added by way of amendment.

1. After a careful review of the evidence we are satisfied that the verdict in favor of the defendant was authorized, and, having the approval of the trial judge, it will not be disturbed unless for such error plainly disclosed by the grounds of the amendment to the motion for a new trial as would warrant a reversal, although the evidence in behalf of the plaintiff would have authorized a finding in his favor had the jury seen fit to give this testimony the preference on the contested issues where the testimony of the parties was in sharp conflict.

2. In the first ground of the amendment to the motion for a new trial the movant complains that "when it appeared at the beginning of the trial of said case that J. R. Groover, administrator, the nominal plaintiff in the case, was absent, and when defendant's counsel had invoked the rule of sequestration as to plaintiff's witnesses, plaintiff's counsel asked the court to allow Dan R. Groover to remain in the court-room in order to render assistance with the case, and stated to the court that the said Dan R. Groover, although

not a nominal party to the cause, is in fact the real plaintiff, and that the case is proceeding for his sole benefit, and that it was necessary that he be present to assist in the case, and that upon each former trial of the case he had been permitted to remain in the court-room, and that on account of his interest in the outcome the jury had been purged of relationship to him; but the court refused said request, and required the said Dan R. Groover to remain out of the court-room, so that his counsel was deprived of his help and assistance in the trial; which ruling of the court is excepted to and assigned as error." The writer has not reached a conclusion upon this point without difficulty, because it is apparent from the pleadings since the amendment, and from the evidence, that the nominal plaintiff is truly merely a nominal plaintiff, while on the other hand Dan R. Groover has a vital interest affecting his ownership of 140 acres of land included within the deed which the plaintiff seeks to have reformed. The deed to the defendant Brooks Simmons was executed on August 25, 1917, and conveyed 920 acres of land (reserving one acre for a family cemetery), but more than three years prior to the making of this deed James B. Groover had executed and delivered to the witness Dan R. Groover 140 acres of the tract conveyed to Simmons (fully described in the deed and by a plat), which was made subject only to a loan deed dated March 31, 1908, from James B. Groover to the John Hancock Mutual Life Insurance Company. As appears from the record, some of the judgments against James B. Groover, to which the 140 acres conveyed to Dan R. Groover might otherwise be subject, were obtained subsequently to the deed to Dan R. Groover, and one, as appears from the record, has been paid and discharged. Even though Dan R. Groover's land was subject to outstanding liens against James B. Groover, the discharge of these liens would free the entire tract of land from incumbrance and leave Groover in possession of 140 acres of land under a deed more than three years prior to that of Simmons. Further, it is clearly to be seen that Dan R. Groover is a real party at interest, though not a nominal party. However, we bear in mind that section 5869 of the Civil Code has always been so construed in this State as to allow the trial court a most liberal discretion in its application in particular cases, and seemingly has confined the exception to the rule as to sequestration of witnesses to parties named in the record. The

exclusion of Dan R. Groover from the court-room as a witness was a matter of discretion for the court. Had Dan R. Groover caused himself to be made a party he could have remained within the court-room as a matter of right. *St. Paul Fire & Marine Ins. Co.* v. *Brunswick Grocery Co.,* 113 *Ga.* 786 (39 S. E. 483) ; *Georgia R. &c. Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916). He might have preferred not to be made a party, upon the theory that one not a party to a proceeding is not generally bound by any judgment rendered therein. But however that may be, we can not hold, in view of our former rulings, that the trial judge erred in excluding the witness Groover. In the opinion of the writer speaking only for himself, it might have been error to have excluded the witness Dan R. Groover, a witness for the plaintiff, unless the request for his retention in court to assist counsel had been accompanied by a tender that Groover be sworn as the first witness for the plaintiff.

3. In the second ground of the amendment to the motion for a new trial complaint is made that the court, over the objection of plaintiff's counsel, "admitted in evidence the following testimony of witness E. A. Corey: 'In the making of this deed I was representing Mr. James B. Groover.' . The objection urged to the evidence was that it was a declaration of agency by the agent himself, and therefore inadmissible." In a note the court qualifies his approval of this ground by the following statement as to the matter: "In addition to the allegation and statement set out in said ground, the following transpired in reference thereto, and to the admission of said testimony of the said witness E. A. Corey: E. A. Corey, sworn for the defendant. Direct: Q. In making this deed, were you representing any of these parties? A. I was representing Mr. James B. Groover. Q. In what way and for what purpose? A. To make the sale of this tract of land, to sell this tract of land. I had an option on the land to sell it for him. Mr. Booth: I object to the testimony that he was representing Mr. James B. Groover; it is a declaration of agency by the agent himself, which is clearly inadmissible, under all of the rules. The court: He may testify he was the agent of the other party. He is not putting it on the ground that it is not disclosed how this agency arose. You might ask him how he became his agent, in what way he was representing him. To use the expression he was representing him might be a conclusion; yet the agent can testify he was agent of

the other party. Mr. Booth: He can testify the fact that he represented him, but the fact of his agency is inadmissible. The court: As to his stating he represented him can go in; you might go into it a little further." It thus appears from the note of the court that the court in part sustained the objection of the then movant, holding that "to use the expression he was representing him might be a conclusion," following it, however, with the further statement, "yet the agent can testify he was agent of the other party." It is clear from what we have stated that the plaintiff in error did not make the precise objection to the evidence at the time as was later used in the assignment of error in the ground of the motion for a new trial and which is now insisted on before this court. We think there was no error in admitting the testimony under the circumstances described by the note of the trial judge. "There can be no question about the rule of law that the agency of one can not be established by the mere declaration of an alleged agent. The reason for this rule is that such testimony is hearsay, not delivered on oath, and without any opportunity of cross-examination. But there is nothing in the law that renders the alleged agent himself an incompetent witness to testify on the trial of the case to any fact showing what the relation is between him and his alleged principal. He is just as competent a witness on the subject as the principal himself would be, and, in the event of a conflict between the two as to whether the relation of agency existed between them, it would at least be for the jury to determine who was worthy of credit. 'Where the authority was verbally conferred, the agent himself is a competent witness to prove it.' 2 Gr. Ev. § 63. In the present case there was no pretence that the agent was acting under any written authority." *Armour* v. *Ross,* 110 *Ga.* 403, 414 (35 S. E. 787). The complaint is confined to one instance, asserting that the court erred in permitting the witness to say: "In the making of this deed I was representing Mr. James B. Groover." The witness had stated how he had represented Mr. Groover, and in what way he was representing him in the sale of the property in question and in drawing the deed from James B. Groover to Brooks Simmons. Brooks Simmons was shown the property by E. A. Corey and the plaintiff, James B. Groover, and other evidence had been adduced tending to show that Corey had been attorney for the plaintiff in several matters, wrote

his will, had previously written deeds for him, tried to negotiate a loan for him, and had represented him in litigation. Evidence had also been introduced as to the conduct of Corey in the capacity of James B. Groover's agent, and that the latter had accepted the fruits of the agency.

4. The third of the grounds added by amendment complains that "the court, over the objections of plaintiff's counsel, admitted in evidence the following testimony of witness E. A. Corey: 'This 288 acres, the two tracts there of Dan's and Sam's, is more valuable than the entire balance of the tract of land.' This testimony was objected to on the ground that the question of what the land is worth, that is to say, the question of value, is wholly irrelevant, and that this witness's opinion of its value, and indeed the opinion of any one else as to its value, is irrelevant and has no place in the case and does not in any sense illustrate the issues involved. The ruling of the court in admitting the evidence is excepted to and assigned as error." It is insisted by the plaintiff in error that there was only one issue in the case—whether the deed should be reformed so as to convey only 632 acres instead of 920 acres; and that for this reason the value of different portions of the tract of land alleged to have been conveyed, or of the tract as a whole, is altogether irrelevant to the real issue. The plaintiff was seeking to reform the deed from James B. Groover to Brooks Simmons, so that it would convey only 632 acres of land instead of 920, as it was written in the deed. The defendant contended that the 288-acre portion of the 920-acre tract which was shown him before he made his offer to buy was what induced defendant to pay $12,000 for the entire tract. The witness Corey testified without objection that the defendant was taken over this fine high-ridged, pebbly land, and that it was this property that sold the 920-acre tract for $12,000. In determining the intention of the parties in the making of the deed, we think it was proper for the court to allow testimony that this 288-acre tract was a very valuable portion of the 920-acre tract, and that the remaining 632 acres was low, waste land, of very little value. This was a circumstance which the jury was entitled to consider in passing on the question whether James B. Groover intended to convey 920 acres for $12,000 or whether he intended to convey only 632 acres of the waste land for $12,000. Of course we do not mean to say that the 632 acres of land was in

fact waste land, for there was testimony that a large portion of it was good and valuable land; but there was also testimony tending to show that by far the greater portion of the 632 acres was of very little value, and the jury could have found this latter to be true.

5. In another ground of the motion for a new trial objections were made to the admission of the following testimony of the witness J. H. Brett: "I recall Mr. Dan R. Groover being at the office of the Brooks Simmons Company at some time in 1917, at which time he made a statement about the land in question, that had been deeded to him by his father. He stated that the amount of the claims against the land was so large that he was afraid he could not hold it. He said that he did not want to spend any more money on it, because he felt like he would be just losing whatever he put in it. I don't know how long that was before the date of the deed, but it was in February, 1917." This testimony was objected to upon two grounds: (1) Because it related to a conversation six months prior to Brooks Simmons' purchase of the land. (2) Because the conversation was not with James B. Groover but with Dan R. Groover, who is not a party to the case, and "for these reasons is wholly irrelevant to the issues involved in the case." E. A. Corey had testified, without objection, that on the day on which the deed from James B. Groover to Brooks Simmons was executed James B. Groover and Dan R. Groover agreed that the entire 920-acre tract would not bring enough at sheriff's sale to pay off the liens against the 920 acres that were older than the deed from James B. Groover to Dan R. Groover, and agreed that the offer of $12,000 made by Brooks Simmons for the 920-acre tract was a better price than they could get otherwise. Corey testified that Dan R. Groover acknowledged that he had no equity in the land conveyed by the deed from James B. Groover to him, by reason of the fact that the liens older than his deed would absorb the proceeds of the sale of the entire tract of 920 acres. The witness Dan R. Groover denied having made the statement that he had no equity in the land, and there was a conflict in the testimony of Dan R. Groover and E. A. Corey as to whether Dan R. Groover was disclaiming any equity in the land on account of the older liens, and as to whether Dan R. Groover knew, at the time of the execution of the deed from James B. Groover to Brooks Simmons,

that the latter deed purported to convey 920 acres. The testimony of J. H. Brett was offered and allowed for the purpose of contradicting and impeaching the testimony of Dan R. Groover upon that point, and we do not think that it was error to have admitted it for this purpose.

6. The last ground of the amendment to the motion for a new trial complains, "because the court ruled out and excluded the testimony of witness J. R. Groover that he, in behalf of his father, James B. Groover, had been offered $25 an acre for the mill-pond portion of the land, by one Bill H. Kennedy, before the sale to Simmons. No objection to the testimony was offered by defendant's counsel, except in the words 'We object to what somebody offered him,' which, we submit, does not state any legal ground of objection, and the court, on his own motion, declared the testimony to be 'hearsay' and excluded it (the court stating, 'That's not the way to prove value, what somebody offered—that is hearsay')." It is insisted that the court erred upon the ground that "if the opinion evidence admitted by the court, from defendant's witnesses, was admissible, then this testimony from plaintiff's witness of a bona fide offer to buy was also admissible, and not only so but was entitled to higher consideration as a basis of fixing values, . . . and the court erred in excluding it, unless all other testimony relating to values had been excluded." Upon an examination of the brief of the evidence in connection with our consideration of this ground of the motion for a new trial, it will be seen that the witness was permitted to testify as to his opinion on the subject of value, as freely as any of the witnesses introduced in the case; and, as appears from the ground of the motion and the assignment of error thereon, no testimony offered by the witness was excluded except the statement that the witness had been offered $25 an acre for a portion of the land. As to this, the court correctly ruled that proof of an offer to buy property at a certain price is not competent in the determination of the question of value. The witness was permitted to testify what each part of the place, in his opinion, was worth; but we do not think that the fact that he may have had an offer by some person would be a proper manner of establishing the opinion of the proposing purchaser as expressed in a conversation not under oath.

*Judgment affirmed. All the Justices concur, except Hines, J., disqualified.*