19393. BOUTELLE v. WHITE et al.

STEPHENS, J. 1. The trial judge has no right to exclude from the court-room, during the taking of testimony, a party to the case on trial. *Saint Paul Fire &c. Ins. Co.* v. *Brunswick Grocery Co.,* 113 *Ga.* 786 (39 S. E. 483); *Georgia Railroad &c. Co.* v. *Tice,* 124 *Ga.* 459 (3) (52 S. E. 916, 4 Ann. Cas. 200); *Knox* v. *Harrell,* 26 *Ga. App.* 772 (107 S. E. 594). It is a matter entirely within the discretion of the trial judge as to whether he will require that the testimony of a party to the case be taken before the taking of the testimony of the party's witnesses. *Tift* v. *Jones,* 52 *Ga.* 538 (4). If the judge could abuse this discretion by refusing to require that the testimony of a party to the case be taken first, it does not appear that this discretion was abused in this case.

2. In a suit for the recovery of damages because of the alleged negligent operation of an automobile along a highway, a request by the plaintiff to charge the jury that "the degree of diligence which must be exercised in a particular exigency is such as is necessary to avoid injuring others, and in considering whether the operator of the automobile exercised due diligence, or, by failure to exercise due diligence, was guilty of negligence, is a question of fact for the jury, taking into consideration the character of the instrumentality which he operated, and the danger attached to its operation if improperly used, as well as the character of the highway being traversed and the probability of inflicting injury if all needed care was not used in the operation of the machine" (which was substantially in the language of *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (3), 80 S. E. 36), was, as was said in *Giles* v. *Voiles,* 144 *Ga.* 853 (88 S. E. 207), in referring to a charge in substantially the same language, equivalent to "instructing the jury that it was the duty of the defendant to avoid injury to the plaintiff's property at all events," and "imposed upon the defendant the duty of observing the diligence required of an insurer, and eliminated all such questions as accident, contributory negligence, and the duty of the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence."

3. The evidence supported the verdict found for the defendant, and no error appears.

Judgment affirmed. *Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 24, 1929. ADHERED TO ON REHEARING, OCTOBER 4, 1929.

■

*G. H. Aubrey, H. R. Lee, George & John L. Westmoreland,* for plaintiff. *Neel & Neel,* for defendants.