## 21671. BUTLER *v.* THE STATE.

DECIDED SEPTEMBER 4, 1931.

*John T. Coyle, Bob Humphreys, W. B. Ragan, James L. Dowling,* for plaintiff in error.

*G. C. Spurlin, solicitor-general,* contra.

BROYLES, C. J. The defendant and Mallard Payne were jointly indicted for simple larceny (hog stealing). The undisputed evidence showed that the owner of the hogs had intrusted them to Payne for the purpose of being raised and fattened by Payne, and that they were in the lawful possession of Payne when they were taken away and sold by the defendant at the usual market prices. The defendant, in his statement to the jury, said he bought the hogs from Payne. There is no evidence to contradict that statement, and, on the contrary, it was corroborated by all of the circumstantial evidence. Payne was not present at the trial, and there is a clear inference from the evidence that he was a fugitive from justice. The evidence would have amply authorized a finding that Payne was guilty of larceny after a trust, but would not have supported a finding that he had committed simple larceny. There was some circumstantial evidence possibly authorizing the jury to find that the defendant knew that the hogs did not belong to Payne, and that he and Payne conspired together to sell and dispose of them unlawfully. Under such hypothesis, the defendant possibly might have been legally convicted of larceny after a trust; but there is no evidence whatever authorizing the finding of the jury that he was guilty of simple larceny. See, in this connection, *Smith* v. *State,* 14 *Ga. App.* 17, 18 (80 S. E. 22), and cit.; *Pittman* v. *State,* 13 *Ga. App.* 705 (79 S. E. 915), and cit. It follows that the refusal to grant a new trial was error.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*