44042. DAVIS v. ATLANTA COCA-COLA BOTTLING COMPANY et al.

HALL, Judge. After a verdict and judgment for the defendant in this negligence action involving collision of vehicles on a congested expressway, the plaintiff appeals.

1. Assuming but not deciding that a different verdict would have been authorized, the evidence did not demand a verdict for the plaintiff. Therefore the court did not err in entering judgment on the verdict. *O'Neil v. Moore,* 118 Ga. App. 424, 429 (164 SE2d 328). The case of *D. G. Machinery & Gage Co. v. Hardy,* 118 Ga. App. 45 (162 SE2d 852), upon which the plaintiff relies, did not hold that the evidence demanded a verdict for the plaintiff, but that it was error to dismiss the action because the plaintiff's evidence authorized an inference of negligence by the defendant.

2. The court did not err, upon request for sequestration of witnesses, in giving the plaintiff the option of testifying first himself or leaving the courtroom while he first presented other

witnesses. The action of the court was proper to preserve the defendant's right to sequestration of the witnesses and the plaintiff's right to be present during the whole trial of the case. *Tift v. Jones,* 52 Ga. 538, 542.

3. The trial court permitted the defendant to elicit by cross examination the plaintiff's testimony that during the six months following the accident when he did not work he received disability benefits under an insurance policy. The plaintiff objected to the evidence and moved for a mistrial on the ground that the testimony had no relevance to any issue in the case and was prejudicial to him. The parties agree that the evidence was not admissible to show mitigation of damages, but the defendant argues it was admissible for the purpose of showing the plaintiff's motive for absence from work. This evidence related only to recoverable damages. It could not have been prejudicial unless the jury determined that negligence of the defendant was the preponderating cause of the plaintiff's injury and then proceeded to consider the issues of damages. There was uncontradicted evidence of injury, pain and suffering, and medical expenses incurred by the plaintiff. He was knocked into a daze and didn't know what was going on after the collision, couldn't move his car, and was moved from the scene by an ambulance and taken to a hospital where he was x-rayed and then taken to a doctor's office. This evidence would have resulted in the finding of some amount of damages had the jury found the defendant was liable. Since the jury awarded no damages to the plaintiff, their verdict for the defendant was necessarily based on a finding that the defendant either was not negligent, or was not negligent to a greater extent than the plaintiff. Since the verdict was based on a determination that the defendant was not liable, the admission of the evidence complained of relating to damages, if improper, could not have been prejudicial to the plaintiff. The same is true of the failure of the court to give requested charges relating to damages. *Donaldson v. Central of Ga. R. Co.,* 43 Ga. App. 480, 483 (159 SE 738); *Williams v. Southern R. Co.,* 99 Ga. App. 503, 508 (109 SE2d 343); *Carter v. Hutchinson,* 106 Ga. App. 68, 70 (126 SE2d 458); *McKinney v. Pitts,* 109 Ga. App. 866 (137 SE2d 571); *Foy v. Edwards,* 118 Ga. App. 665 (165 SE2d 176).

424

Plaintiff's requested charges other than those relating to damages and plaintiff's request No. 2, which was not a perfect statement of a principle of law, were substantially covered in the charge given by the court.

None of the plaintiff's enumerations of error shows cause for reversing the judgment.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*

ARGUED NOVEMBER 8, 1968—DECIDED FEBRUARY 14, 1969— REHEARING DENIED MARCH 19, 1969—

*Jones & Read, Charles D. Read, Jr., Reginald H. Johnson,* for appellant.

*Hurt, Hill & Richardson, James C. Hill, Robert L. Todd,* for appellees.