## 44399.   KING v. FARIES.

JORDAN, Presiding Judge.  The plaintiff was a passenger in an automobile involved in a collision with another automobile driven by the defendant, and seeks to recover for personal injuries allegedly sustained as a result of the collision.  The jury found for the defendant and the plaintiff appeals, asserting error on the overruling of a motion for new trial.  *Held:*

1. The motion to dismiss is denied.

2. Where the plaintiff elected to call his witnesses before testifying himself, it was not error to exclude him from the courtroom during the testimony of two of the witnesses.  The trial court has a wide discretion in administering the rule of sequestration of witnesses and no abuse is shown here even though the rule generally does not apply where the witness is a party.  *Tift v. Jones,* 52 Ga. 538, 542; *Davis v. Atlanta Coca-Cola Bottling Co.,* 119 Ga. App. 422 (167 SE2d 231).

3. The instructions given concerning negligence per se provided the jury with proper standards to apply with respect to any violation of law, and there is no requirement under present law that the court give a requested instruction in the exact language requested if the principle is otherwise substantially covered.  See *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905).

4. In charging the principle that the negligence of the host driver is not imputable to a guest passenger, the trial court inadvertently referred to the guest passenger as the guest driver.  We do not consider this as misleading, for immediately thereafter he referred to the host driver's negligence, if any, as a bar to recovery only if it was the sole cause of the injury.  In looking at the instructions as a whole on this subject, we find nothing that would lead the jury to believe that the negligence of the host driver, if any, could be imputed to the guest passenger.

5. While not in the language of *Code* § 38-107, the instruction

"that there is no presumption in favor of one side or the other in the event one or the other presents more witnesses than the other" provided the jury with a proper standard for weighing testimony where the number of witnesses of one party exceeds that of the other.

6. The general grounds are treated as abandoned. The trial court did not err in overruling the motion for new trial for any reason argued and insisted upon.

*Judgment affirmed. Hall, J., concurs. Whitman, J., concurs in the judgment.*

ARGUED APRIL 8, 1969—DECIDED SEPTEMBER 26, 1969.

*B. Hugh Ansley,* for appellant.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Sr., William S. Shelfer, Jr.,* for appellee.