## 48305. ROSS v. RICH'S, INC.

Pannell, Judge. Whitfield Ross brought an action against Rich's, Inc., in two counts. The first count sought the sum of $50,000 based upon a claim of false arrest and malicious prosecution. The second count sought recovery upon a claim that an assault was committed upon him while the defendant's agents were trying to secure a confession from plaintiff by means of a police dog. In this count plaintiff also sought to recover punitive damages. The jury returned a verdict for the defendant on the first count and rendered a verdict for the plaintiff on the second count for $800 damages, with no punitive damages. The plaintiff appealed. *Held:*

1. "Where the plaintiff elected to call his witnesses before testifying himself, it was not error to exclude him from the courtroom during the testimony of two of the witnesses. The trial court has a wide discretion in administering the rule of sequestration of witnesses and no abuse is shown here even though the rule generally does not apply where the witness is a party. *Tift v. Jones,* 52 Ga. 538, 542; *Davis v. Atlanta Coca-Cola Bottling Co.,* 119 Ga. App. 422 (167 SE2d 231)." *King v. Faries,* 120 Ga. App. 393 (2) (170 SE2d 747). See also *Boutelle v. White,* 40 Ga. App. 415 (149 SE 805); *Butler v. State,* 43 Ga. App. 786 (160 SE 134); *Ga. R. & Bkg. Co. v. Tice,* 124 Ga. 459 (3) (52 SE 916, 4 AC 200).

2. After plaintiff had testified that he intended to pay for a pair of earphones found in his possession at the time he was questioned in defendant's store, the trial judge refused to permit plaintiff to answer a subsequent question as to how much he intended to pay. The issue in this civil action was whether the defendant had probable cause to prosecute the defendant for larceny and questions bearing upon his guilt or innocence or his intent when he was found in possession of property belonging to the defendant were properly excluded.

3. Error is enumerated on the failure to give certain of plaintiff's requests to charge in grounds 3, 4, 8 and 9 of the amended motion for new trial, the overruling of which is enumerated as error here. An examination of the transcript shows that these requests were given. Therefore, no error as to this appears. Another enumeration of error for failure to give another of plaintiff's requests to charge (request No. 7, ground 5 of the motion for new trial) is unsupported by the record, in that the record discloses that in a pre-charge conference the appellant withdrew this request. At the same conference appellant admitted that his request to charge No. 9 was defective. Error is enumerated on the giving of defendant's requests to charge Nos. 9 and 11. The record discloses that at the pre-charge conference appellant stated he had no objections to the giving of these requests. No error is shown by these enumerations of error.

4. There being no evidence of physical violence to the plaintiff in this case during his alleged arrest and detention, there was no error in refusing to give a request to charge relating thereto.

5. There was no error in charging the jury that "the fact that the plaintiff was found not guilty in the criminal action is not controlling on you and has no bearing upon the issue in this case." *Tanner-Brice Co. v. Barrs,* 55 Ga. App. 453 (2) (190 SE 676); *Rigdon v. Jordan & Stewart,* 81 Ga. 668 (1a) (7 SE 857).

6. There was no error in charging Section 1 of the Act approved March 25, 1958 (Ga. L. 1958, p. 693; Code Ann. § 105-1005) as a charge of this Section was pertinent and applicable to the facts of the case in question.

7. The verdict of the jury finding in favor of the defendant as to Count 1 and in favor of the plaintiff as to Count 2 in the amount found, and without finding punitive damages as to Count 2, was authorized by the evidence. Accordingly, the trial court did not err in failing to direct a verdict in favor of the plaintiff as to some amount on Count 1. There was no error in overruling appellant's motion for a new trial nor is any error shown by the other enumerations of error not covered by the motion for new trial.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED JUNE 28, 1973 — DECIDED SEPTEMBER 25, 1973.

*Grace W. Thomas,* for appellant.
*Swift, Currie, McGhee & Hiers, Warner S. Currie,* for appellee.