32860, 32941. KOSIKOWSKI v. KOSIKOWSKI; and
vice versa.

HILL, Justice.

In this no fault divorce case the wife appeals the jury verdict as to alimony, and the husband cross appeals the award of additional attorney fees to the wife and the issuance of a writ of ne exeat.

The parties were married for over twenty years and have four children, two of whom are minors. The wife, one adult child and the two minor children continued to reside in the marital home following the separation in 1975. After hearing evidence on the issue of alimony, the jury returned a verdict which awarded the wife the furnishings in the marital home, provided that the net proceeds from the sale of this home held jointly be divided equally between them, and awarded $200 per month for each of the two minor children. It was further determined that the wife held $7,734 in trust for the husband and that

the wife was responsible to the husband for charges she had made on his accounts.

1. The wife enumerates as error the refusal by the trial court to permit her counsel to elicit testimony from the husband concerning their adult son residing in the home with the wife. In the pleadings, both parents acknowledge that this son is mentally retarded and dependent to some degree.[1]

The wife did not seek child support for this son. A father's statutory duty to support his children ceases at their majority. Code Ann. § 74-105 (Rev. 1973); *Calvin v. Calvin*, 238 Ga. 421, 422 (233 SE2d 151) (1977). However, this rule should not be interpreted to imply that where a wife has assumed the responsibility of providing necessary care for a needy adult child, that circumstance is not relevant to the issue of alimony for the wife.

"The court should be able to consider every relevant fact which would enable it to come to a just determination of the [alimony] issue. Relevant evidence is that evidence which relates directly or indirectly to the question being tried. Code Ann. § 38-201." *Gallant v. Gallant*, 223 Ga. 397, 399 (156 SE2d 61) (1967); *Hogan v. Hogan*, 196 Ga. 822, 825 (28 SE2d 74) (1943). A wife's manner of living, her material resources, and her income, if any, are factors the jury may take into consideration in determining what amount may be necessary for the support and maintenance of the wife. *Fried v. Fried*, 211 Ga. 149, 151 (84 SE2d 576) (1954). The wife's fulfilling of her maternal obligation to a dependent adult son is relevant to her manner of living and pertains directly to estimating any income the wife might have available from her separate estate.

This court has recognized that an obligation by one spouse concerning a child for which the other spouse has no legal responsibility may nevertheless be relevant in

---

[1] The wife's petition for divorce stated the adult son "is mentally retarded and will be dependent for . . . his natural life." In his answer the husband admitted this allegation but alleged that "the retarded child does work and is not totally incapacitated by his handicap."

deciding alimony. *Hawes v. Hawes,* 66 Ga. 142 (2) (1880) (husband had children by former marriage); *Melvin v. Melvin,* 129 Ga. 42 (58 SE 474) (1907) (wife had child by former marriage). In *Mullinax v. Mullinax,* 234 Ga. 553 (216 SE2d 802) (1975), a divorce and alimony suit, the jury considered testimony concerning a disabled adult son residing with the wife and on appeal this court considered that fact in determining that the alimony award was not excessive.

Evidence of a husband's debts is relevant in determining his financial status. Evidence of a wife's debts has also been held to be relevant to a proper determination of alimony. *Hardy v. Hardy,* 221 Ga. 176, 179 (144 SE2d 172) (1965). Evidence that a wife has assumed responsibility for the care of a retarded adult child is no less relevant in a suit for alimony than would be evidence that the husband had assumed such responsibility. It was error for the trial court to exclude testimony as to the wife's support of this dependent adult child and under the facts of this case we cannot say that such error was harmless. Because there must be a new alimony trial, the wife's other enumerations of error need not be considered.

2. On cross appeal the husband asserts that the court erred in issuing a writ of ne exeat in that such writ, causing him to be incarcerated without hearing, is unconstitutional. The record does not disclose any objection made by the husband to the writ of ne exeat either before or after making the required bond and this court will not pass on a constitutional question which was not raised in the trial court.

3. The husband argues that the award of $2,000 for additional attorney fees to the wife, payable at the rate of $200 per month, was an abuse of discretion. The wife's attorneys previously had been paid $1,000 by the husband. The husband argues that he is unable to pay the $2,000. He does not contend that the wife's attorneys did not earn the additional fee. The court allowed the fee to be paid in monthly increments and no abuse of discretion has been shown.

*Judgment reversed in case 32860, affirmed in case 32941. All the Justices concur.*

ARGUED OCTOBER 13, 1977 — DECIDED NOVEMBER 28, 1977 — REHEARING DENIED DECEMBER 15, 1977 IN CASE NO. 32860.

*Cobb, Blandford & Werbin, John L. Blandford, Samuel N. Werbin,* for appellant.
*Westmoreland, Hall, McGee & Warner, James M. Crawford,* for appellee.
Richard Eugene Kosikowski, *pro se.*