## 37866. McDONALD v. McDONALD.

WELTNER, Justice.

We granted this appeal from a jury trial on property division and alimony in a divorce case. The wife alleges error in the trial court's excluding her testimony as to the expenses she had incurred and expected to incur on behalf of their adult son who would be attending college.[1]

In *Kosikowski v. Kosikowski,* 240 Ga. 381, 382 (1977), we held that "a *wife's manner of living,* her material resources, and her income, if any, are factors the jury may take into consideration in determining what amount may be necessary for the support and maintenance of the wife. *Fried v. Fried,* 211 Ga. 149, 151 (84 SE2d 576) (1954). The wife's fulfilling of her maternal obligations to a dependent adult son is relevant to her manner of living and pertains directly to estimating any income the wife might have available from her separate estate." Although we recognize that here, unlike other cases cited in the *Kosikowski* opinion, there is no *legal* obligation on the part of *either* parent, the fact remains that anticipated expenses

---

[1] The parties' third son was seventeen at the time of the trial, but was eighteen two weeks later. She testified that the two older sons were at the University of Georgia.

related to their son's education are relevant to the wife's own financial condition. *Kosikowski v. Kosikowski,* supra.

We do not find, as argued by the husband, a failure of an offer of proof, fatal to the wife's case. It is clear from the record that she desired to introduce specific evidence relevant to her "manner of living" for consideration by the jury. Thus, its exclusion by the trial court was error.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 6, 1982.

*William Ward Newton, David R. Smith,* for appellant.
*Charles H. Andrew, Jr.,* for appellee.