### 71771. SUN et al. v. BUSH et al.
(345 SE2d 85)

CARLEY, Judge.

Appellees sued appellants for defamation. The jury returned a verdict in favor of appellees. Appellants appeal from the judgment entered on the jury's verdict.

1. Appellants contend that the trial court erred in putting the case on the trial calendar over the objections that certain discovery was still pending and that there had been no pretrial conference. However, the record shows that before the case was tried, all discovery had been completed and a pretrial conference was held. Although Mrs. Sun was not present at that conference, Mr. Sun agreed to the trial of the case by a jury the next day. Trial was so ordered. " 'One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing.' [Cits.]" *Dodd v. Dodd,* 224 Ga. 746, 747 (164 SE2d 726) (1968).

2. Appellants enumerate as error the trial court's denial of a mo-

tion for continuance. The record shows that, two days before the date for which the trial was scheduled, Mrs. Sun filed a motion alleging that, almost a month before, she had fled from her husband in fear for her safety. She requested a continuance "until such time as the court may deem proper." The trial court did not abuse its discretion in denying the motion for continuance on behalf of Mrs. Sun. See generally *Cavender v. Atkins*, 2 Ga. App. 173 (58 SE 332) (1907). Mr. Sun likewise failed to make the showing necessary to obtain a continuance due to the absence of a witness. OCGA § 9-10-160. Furthermore, the day after the motion was filed, Mr. Sun agreed to have the trial on the following day. Accordingly, the trial court did not err in denying the motion.

3. Appellants' third enumeration of error is abandoned. Court of Appeals Rule 15 (c) (2); *Ray v. Marietta Marine*, 163 Ga. App. 690 (294 SE2d 698) (1982).

4. Appellants contend that the trial court erred in denying their motion to dismiss, motion for directed verdict, and motion for judgment notwithstanding the verdict. The record does not indicate that any motion to dismiss or motion for directed verdict was ever made. "[T]he burden of showing harmful error is on appellant, which he must do by the record, not by assertions appearing only in his brief or in his enumerations of error. [Cit.]" *Gibbs v. Browning*, 172 Ga. App. 76, 77 (321 SE2d 813) (1984). "Where there is nothing in the record to support a contention of error, nothing is presented to this court for review. [Cits.]" *Jackson v. Springfield*, 172 Ga. App. 59, 60 (1) (321 SE2d 802) (1984). Although appellants did move for a judgment notwithstanding the verdict, it was not reversible error for the trial court to deny it in the absence of the prerequisite motion for directed verdict. OCGA § 9-11-50 (b); *Batson v. First Nat. Bank of Brunswick*, 170 Ga. App. 803 (318 SE2d 227) (1984).

5. Appellants contend that the trial court erred in denying their motion to sequester each of the appellees while the other testified. "The trial court has a wide discretion in administering the rule of sequestration of witnesses and . . . the rule generally does not apply where the witness is a party. [Cits.]" *Ross v. Rich's, Inc.*, 129 Ga. App. 716 (1) (201 SE2d 159) (1973). Appellants have not shown that they were harmed by the failure to sequester appellees. We find no abuse of discretion.

6. Appellants assert that the trial court erroneously failed to charge the jury on the issues raised by the evidence. They further assert that the jury was misled by the charge as a whole, in that it constituted an expression by the trial court of an opinion in favor of appellees. Several of appellants' refused requests to charge were not relevant to the issues on trial and were thus properly refused. It is not error for the trial court to refuse a request to charge on principles of

law not applicable to the case. *Grannemann v. Salley*, 95 Ga. App. 778 (2) (99 SE2d 338) (1957). Appellants contend that, even without a request, the trial court should have charged the jury that, in order to find for appellees, a finding of actual malice was required. However, appellants themselves requested the charges which the trial court employed to define "malice." By requesting the charges which were given on the issue of "malice," appellants themselves invited any error which may have occurred. Accordingly, they are now estopped to complain. *Moody v. Harris*, 170 Ga. App. 254, 255 (1) (316 SE2d 781) (1984). Appellants' further contention that the charge as a whole constituted an expression of the trial court's opinion is without merit.

7. Appellants contend that, in several instances, testimony showing their ill will toward appellees was erroneously admitted into evidence. When appellees introduced the testimony of which appellants now complain, appellants either made no objection at all or made a different objection from that now urged on appeal. " 'It is well established that objections to evidence cannot be raised for the first time on appeal. [Cit.]' [Cit.]" *Merry Shipping Co. v. Sparks*, 160 Ga. App. 376, 378 (287 SE2d 92) (1981). "Where evidence is admitted over objection and, on appeal, new grounds for objection are raised for the first time, those new grounds for inadmissibility are not reviewable. [Cit.]" *MARTA v. Ply-Marts*, 144 Ga. App. 482, 484 (241 SE2d 599) (1978).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 23, 1986 —
REHEARING DENIED MAY 12, 1986 — 

*Frank P. Samford III*, for appellants.
*Larry S. McReynolds, Michael Welch*, for appellees.

